### R. L. SMITHERS v. W. LOWRANCE ET AL.

Decided February 27, 1904.

**1.—Evidence—Examined Copy of Public Records.**

Article 2306, Revised Statutes, making duly certified copies of all public records admissible as evidence, does not exclude the common law method of proving such records by an examined copy, and hence the classification of school land as shown on the records of the General Land Office could be proved by an examined copy.

**2.—Same—Evidence of Custodian of the Record.**

Where the examined copy was made by an outside person, it seems that the evidence of the custodian of the record should have been adduced to show that the record from which such copy was made was the genuine record of classification in the Land Office, but no objection on this ground was made below, and so can not be urged on appeal.

**3.—Same—School Land—Error Not Rendered Harmless.**

Error in excluding plaintiff's proof of the classification and appraisement of the land was not rendered harmless by the fact that he failed to show that he was an actual settler on the land at the time of his application to purchase it, by virtue of which he sued, since said proof would have been unavailing without the indispensable proof of classification and appraisement.

Appeal from the District Court of Mitchell. Tried below before Hon. James L. Shepherd.

*Ed J. Hamner,* for appellant.

*Smith & Smith* and *C. H. Earnest,* for appellees.

STEPHENS, ASSOCIATE JUSTICE.—Appellant brought this suit to recover two sections of school land, one of which had been awarded to him as his home section, February 16, 1900, on application filed in September of the preceding year, and the other as additional land. The home section had been applied for and awarded as dry grazing land at $1 per acre. This award was afterwards canceled by the Land Commissioner on the ground that the land when applied for and awarded to appellant was classified as dry agricultural and appraised at $2 per acre. Appellant undertook to prove that the change in the classification and appraisement from dry grazing at $1 per acre to dry agricultural at $2 per acre was made after his application had been made and accepted, and in order to do so offered a purported copy of the classification and appraisement record kept in the General Land Office, together with testimony of Ed J. Hamner, his attorney, to the effect that he had made the copy from said record, and that it was a correct copy of page 3 of said record as the same stood when the land was applied for and awarded to appellant; that he knew this from personal examinations made in the Land Office prior to the application and subsequent to the award. The evidence was excluded on the objection that the copy was an examined copy and not a certified copy under the hand and seal of the Commissioner of the General Land Office,

and "not therefore the best evidence;" and to this ruling error is assigned.

The rule is both ancient and familiar that public records are provable either by certified or examined copies in the absence of a statute making certified copies the only method of proof. 1 Greenl. on Ev., secs. 91, 508, 509. We have a statute on the subject (Rev. Stats., art. 2306) but it does not change the common law rule, which was thus stated by Justice Wheeler in York v. Gregg, 9 Texas, 85: "Being a document of a public nature, if there would have been an inconvenience in removing the original, it might have been proved by an examined copy, first having proved the genuineness of the original by the testimony of those who, from having had custody of the original or from information derived from other sources, can testify as to that fact (1 Greenl. on Ev., secs. 484, 485, 508), the rule being that every document which the party has the right to inspect may be proved by a duly authenticated copy; and where proof is by a copy, an examined copy duly made and sworn to by any competent witness is always admissible." Provision is made by our law for the examination of "any of the papers, records or files in the General Land Office" by "anyone desirous" of making such examination who "shall first obtain the consent of the Commissioner or the chief clerk in writing so to do, and an order for the detail of a clerk of said office to be present and superintend such examination." Rev. Stats., arts. 4045, 4047, 4048. It does not follow, however, that the person allowed to make an examination would be entitled to make a copy of the record so examined and thus avoid the payment of the fee fixed by law for making certified copies. Nor are we called on in this instance to determine whether the genuineness of the classification and appraisement record, an examined copy of which was offered, could properly be established without the evidence of the Commissioner or some clerk in the Land Office, for no such objection was made. We will add, however, that we do not very well see how an outsider could know such fact. It has been held that the custodian of a public record or document, to the exclusion of those not connected with the office, should be called to prove the loss of such record or document, and we incline to the opinion that the genuineness of said record or document ought to be proved in the same way. But as before seen, and as has often been held, a ruling on the admissibility of evidence is to be tested in this court alone by the objection made to it when it was offered.

We can not agree with appellee Lowrance that the judgment should be affirmed, notwithstanding the exclusion of the evidence as to the classification and appraisement of the land, because appellant failed to prove that he was an actual settler when he applied for the land. This fact, if proved, would have been unavailing without the indispensable proof of classification and appraisement. Besides, the making of the award, which was canceled on another ground, would seem to raise an inference of actual settlement, though we would suggest

that appellant proceed upon the next trial as if no award had ever been made to him.

For the error discussed the judgment is reversed and the cause remanded for a new trial.

*Reversed and remanded.*

### ON MOTION FOR REHEARING.

It is true, as insisted in this motion, that the examined copy of the classification and appraisement record, if admitted in evidence, would not have shown any appraisement of the land in controversy; but the letter from the Commissioner of the Land Office, dated August 6, 1895, addressed to the county clerk of Kent County, and recorded by him in the classification and appraisement record of State school lands for that county, which was read in evidence, would, in connection with said examined copy, have shown an appraisement at $1 per acre.

The motion is therefore overruled.

*Overruled.*