McLAUGHLIN v. TERRELL BROS. (No. 474.)

(Court of Civil Appeals of Texas. El Paso. Oct. 28, 1915. Rehearing Denied Nov. 18, 1915.)

1. SALES ⬥⇒355—ACTION FOR PRICE—VARIANCE.

Where, in an action to recover for wood sold, the petition alleged in the first paragraph that defendant agreed to purchase from plaintiffs certain cars of wood, and in the second paragraph alleged that, in pursuance of the contract, plaintiffs sold and delivered to defendant 10 cars of wood, aggregating 185 cords, evidence that plaintiffs had contracted with defendant to ship him 450 cords of wood was not at variance with the contract pleaded.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1025–1043; Dec. Dig. ⬥⇒355.]

2. SALES ⬥⇒181— ACTION FOR PRICE — EVIDENCE—IMMATERIALITY.

In an action to recover for certain cars of wood contracted by plaintiffs to be sold defendant f. o. b. A., the exclusion from evidence of freight bills of the railroad company, offered to show the number of cords of wood contained in each of the 10 cars received by defendant at H., was proper, in the absence of a denial of the allegation of the petition that delivery was to be made f. o. b. cars at A., it being immaterial what number of cords of wood were in the cars on their arrival at H.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 473–491; Dec. Dig. ⬥⇒181.]

3. EVIDENCE ⬥⇒318—MATERIALITY—BASIS OF PROBATIVE FORCE.

In an action for wood sold f. o. b. cars at A., in the absence of evidence as to the correctness of the statement in freight bills of the railroad as to the number of cords of wood on arrival at H., the exclusion of such bills was proper.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1193–1200; Dec. Dig. ⬥⇒318.]

4. EVIDENCE ⬥⇒158, 318 — BEST EVIDENCE — HEARSAY—BOOK.

In an action for the price of certain cords of wood sold f. o. b. cars at A., and transported to the buyer at H., who claimed to have received less than plaintiffs sued to recover for, a copy of the American Railway Equipment Register, there being testimony that it was in general use among railways in the United States, as to the capacity of freight cars, supported by testimony of a witness of experience that he knew

---

⬥⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

that the facts stated in the journal were correct, was admissible in evidence to show the capacity of the 10 cars containing the wood.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 472, 473, 474½–504, 506–526, 1193–1200; Dec. Dig. ☞158, 318.]

**5. EVIDENCE ☞318 — HEARSAY — MEMORANDUM.**

In an action to recover for cords of wood sold f. o. b. cars A. and delivered to defendant at H., where the American Railway Equipment Register was admissible to show the dimensions of the cars which contained the shipment, a memorandum, excerpting from such register the dimensions of the particular cars carrying the shipment, testified to be a copy of their dimensions as given in the register, was admissible in evidence to conserve time and to avoid looking up in the register the statement as to the capacity of each individual car.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1193–1200; Dec. Dig. ☞318.]

**6. TRIAL ☞273—INSTRUCTIONS—OBJECTIONS.**

Under Rev. St. 1911, art. 1971, as amended by Act 33d Leg. c. 59, providing that the charge shall be in writing, signed by the judge, and submitted to the parties for inspection, that objections thereto shall be presented to the court before the charge is read to the jury, and that all objections not so made and presented shall be considered waived, an objection to a paragraph of the charge, not made and presented to the court before the charge was read to the jury, was waived.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 680–682; Dec. Dig. ☞273.]

**7. SALES ☞181 — DELIVERY OF QUANTITY SPECIFIED—SUFFICIENCY OF EVIDENCE.**

In an action to recover for a shipment of wood sold f. o. b. cars at A. and delivered at H., defendant claiming the shipment contained 132 cords only, plaintiffs claiming it contained 185, evidence on the point *held* sufficient to support verdict for plaintiff.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 473–491; Dec. Dig. ☞181.]

Appeal from Harris County Court at Law; Clark C. Wren, Judge.

Action by Terrell Bros. against J. M. McLaughlin. Judgment for plaintiffs, and defendant appeals. Affirmed.

Geo. A. Byers and R. M. Love, both of Houston, for appellant. Hunt, Myer & Teagle and Rodman S. Cosby, all of Houston, for appellees.

WALTHALL, J. This is a suit brought by appellees, E. H. and A. P. Terrell, a copartnership firm of Terrell Bros., of Navasota, Grimes county, against J. M. McLaughlin, doing business as Texas Wood Company, at Houston, Tex. Plaintiffs alleged that on or about November 13, 1913, plaintiffs and defendant entered into a contract, by virtue of which defendant agreed to purchase from plaintiffs certain cars of wood f. o. b. cars Allenfarm, Tex., at the agreed price of $2.75 per cord; that in pursuance of said contract, plaintiffs, within two or three weeks thereafter, sold and delivered to defendant 10 cars of wood, aggregating 185 cords at the agreed price per cord, amounting to $508.75, more fully shown and set forth in the attached account, itemized and verified and made an ex-

hibit and part of the petition. Defendant answered by general and special demurrer, denied the correctness of each item of plaintiffs' itemized account, as to the amount of wood contained in each car, and attached to his answer an itemized account, which he alleged contained a true and correct statement of the number of cords of wood contained in each car, and further answered that, on the date alleged, the contract between plaintiffs and defendant was that plaintiffs agreed to ship him about 150 cords of dry wood and 300 cords of green wood, all to be first-class Brazos river bottom wood, for which he agreed to pay $2.75 per cord. That the wood shipped by plaintiffs and received by him was not first-class, but instead was small, rotten, limby, trashy wood, and alleged the value of the wood shipped to him to be worth in the open market not more than $1 per cord, which amount defendant in his answer tendered and offered to pay. Defendant alleged that the quantity of wood shipped to him under said contract was not 185 cords as alleged, but was 132 cords. Defendant alleged that by reason of the failure of plaintiffs to ship the grade of wood contracted, he had sustained damages to the extent of $100, which he asked to be deducted from the amount admitted to be due for the wood received. Plaintiffs filed a supplemental petition containing a general and special demurrer to the answer, and specially denied the allegations contained in each paragraph of the answer. The court instructed the jury as follows:

"The plaintiffs are entitled to recover for so much wood as you may believe from a preponderance of the evidence was actually loaded into the 10 cars in controversy at Allenfarm, and delivered to the railroad for shipment to defendant at a price as follows:

"If you believe from a preponderance of the evidence that said wood was of the kind and grade which plaintiffs agreed to furnish to defendant, then the price which plaintiffs are to recover is the contract price, to wit, $2.75 per cord.

"If you do not believe from a preponderance of the evidence that the wood was of the kind and grade which plaintiffs agreed to furnish to defendant, then the price which plaintiffs are to recover is the market value at Houston, Tex., of wood of the kind and grade which plaintiffs furnished defendant in said 10 cars."

The jury returned a general verdict in favor of the plaintiffs in the sum of $500.50, on which the court rendered judgment for plaintiffs for the sum of $500.50 and interest at the rate of 6 per cent per annum from the 30th day of July, 1913, and for costs of suit. Defendant filed a motion for a new trial, which the court overruled, and defendant gave notice and perfected his appeal.

[1] Defendant's first assignment of error is to the action of the court in overruling defendant's motion to strike out and exclude from the consideration of the jury the evidence of A. P. Terrell, to the effect that plaintiffs had contracted with defendant to

ship him 450 cords of first-class river bottom wood, on the ground that said evidence was at variance with the contract pleaded by plaintiffs. An inspection of the record fails to show a variance. The allegation in the first paragraph of the petition, as stated above, is that "defendant agreed to purchase from plaintiffs certain cars of wood" at the price and place named. In the second paragraph of the petition, in stating the quantity of wood delivered and for which they sue, plaintiffs allege:

"That in pursuance of said contract, plaintiffs * * * sold and delivered to said defendant 10 cars of wood, aggregating 185 cords."

The evidence offered and heard by the court on the part of plaintiffs as to the quantity of wood delivered would not be at variance with the contract pleaded. The assignment is overruled.

The proposition contained in the second assignment of error is that the court should have instructed a verdict for defendant on the ground that the plaintiffs pleaded a contract for the sale and purchase of 185 cords of wood at $2.75 per cord, f. o. b. Allenfarm, whereas the evidence discloses a different contract. For the reasons stated in disposing of the first assignment, this assignment is overruled.

[2, 3] The trial court refused to admit as evidence, over objection, the original freight bills of the railroad company to show the number of cords of wood contained in each of the 10 cars received by the defendant, and this action of the court is made the grounds of appellant's third assignment of error. The court was not in error in excluding the freight bills as evidence of the number of cords of wood in the cars. It was immaterial what number of cords of wood were in the cars at Houston on a contract to deliver the wood at Allenfarm, in the absence of a denial of the allegation that the delivery was to be made f. o. b. cars at Allenfarm. Richard Cocke & Co. v. Big Muddy Coal & Iron Co., 155 S. W. 1019. Again, we think there was no error in excluding the freight bills in the absence of evidence as to the correctness of the statement in the freight bills as to the number of cords of wood in the cars. A. B. Patterson & Co. v. Railway Co. et al., 126 S. W. 336. The assignment is overruled.

[4] We think there was no reversible error in admitting in evidence, over the objection that it was not the best evidence, was irrelevant, immaterial, and hearsay, a copy of the American Railway Equipment Register, a journal purporting to be published by authority of the Interstate Commerce Commission, and especially after the evidence of the witness Shepherd as to its general use among railways in the United States, as to the length, dimensions, and cubic capacity of freight cars used to transport freight, and after the evidence of said witness that from his own personal knowledge the facts stated in said journal were correct and true. The measurement of the cars made by appellant show the capacity of the cars to be about of the same capacity as the register. The testimony amounts to no more than that the witness was testifying to things within his own knowledge. Smithers v. Lowrance, 35 Tex. Civ. App. 25, 79 S. W. 1088.

[5] The fifth assignment is to the admission of a memorandum as to the dimensions of the cars reflected by the American Railway Equipment Register. The witness Terrell testified:

"Myself and Roland Smith checked these figures as shown there as to the dimensions of the cars reflected by the register. The dimensions as shown by that register and the dimensions as shown by this memorandum are the same, that is, with the exception of one car [giving the number] which is an old series. I wrote to Mr. —— in regard to the dimensions of this car."

The memorandum was identified by the witness and admitted in evidence. The contents of the memorandum was as to the initials on the 10 cars, their length, width, heighth, cubic capacity of the cars, as reflected by the register. If we are right in our conclusion that the contents of the register as to the capacity of the cars was admissible, we think that the admission as evidence of a memorandum made and its correctness, testified to by the witness as to the markings of the 10 cars, would not be error. The memorandum, as testified to, contained the same data as the equipment register, and was evidently admitted to conserve time, and to avoid looking up in the register the statement as to each individual car. The cases to which we are referred by appellant as sustaining his position, holding that the memorandum made was hearsay, are where the witness had no personal knowledge of the correctness of the entries made. Here the witness himself checked and testified to the correctness of the figures as shown by the register. It was simply a short and concise method of getting before the jury the statement contained in the register. The assignment is overruled.

The court was not in error in refusing to peremptorily instruct a verdict for the defendant, as claimed in the sixth assignment. This assignment is based on the statement that the contract was for the sale and delivery of 450 cords of wood, f. o. b. cars at Allenfarm, while the contract pleaded was for 185 cords. We have heretofore expressed the construction we place on the contract made and pleaded, and we need not again restate it. The assignment is overruled.

[6] Complaint is made in the seventh assignment to the third paragraph of the court's charge, in which the court instructed the jury as follows:

"If you do not believe from a preponderance of the evidence that the wood was of the kind and grade which plaintiffs agreed to furnish to defendant, then the price which plaintiffs are to recover is the market value at Houston, Tex., of wood of the kind and grade which plaintiffs furnished in said 10 cars."

The record does not show that objection was made and presented to the court, as required by article 1971, Rev. Stat. as amended by chapter 59, 33d Leg. p. 113. The assignment is overruled.

[7] In the eighth assignment, the appellant contends that the verdict of the jury is against the preponderance of the evidence, in that the testimony of the witness Terrell shows that the method by which the amount of wood shipped to appellant was by calculating the capacity of the cars from the American Railway Equipment Register, and estimating the quantity of wood therein, while the direct and positive testimony of appellant who measured the wood in the cars was that they contained 132 cords, and not 185 cords. The statement in the assignment as to the method of estimating the quantity of wood in the cars at Allenfarm, that is, by cubic capacity of the cars from the Equipment Register, is borne out by the statement of facts. The measurement of the wood in the cars by appellant was made at Houston. The defendant's answer nowhere denies that 185 cords of wood were placed in the cars at Allenfarm, nor that any measurement of the wood was made at Allenfarm, other than that estimated by the said register. The testimony of the witnesses who loaded the cars at Allenfarm is that the cars were loaded to their full capacity. We believe that the evidence is sufficient to establish the fact, at least prima facie, that 185 cords of wood were put in the cars at Allenfarm; and, conceding it to be a fact that only 132 cords were found in the cars at Houston would not be such preponderance of the evidence as should cause a reversal. The amount found by the jury does not show that their verdict was influenced by the remark of counsel, and we overrule the ninth assignment.

The error in the judgment as to interest was evidently clerical, and has been corrected and remittitur filed in the trial court, and requires no further mention.

Finding no reversible error, the judgment is affirmed.