## HARTSHORN v. HARTSHORN.

No. 7483—Opinion Filed Nov. 6, 1917.

(168 Pac. 822.)

(Syllabus. )

**1. Evidence—Authentication of Hotel Register—Adultery.**

Defendant, to support the charge of adultery made against plaintiff, naming E. M. S. as co-respondent, offered in evidence a page from a hotel register bearing the inscription "E. M. S. and wife, Room 50." Held error to admit this register without being identified as the register used by the hotel on the date mentioned, and that it was in the same condition when offered as on the date of the inscription.

**2. Divorce—Adultery — Sufficiency of Evidence.**

To prove adultery by circumstances, two facts must be established, a criminal disposition or desire in the minds of both the party accused and the particeps criminis, and an opportunity to commit the crime. Evidence examined, and held not to support the charge of adultery made by defendant in his cross-petition against plaintiff.

**3. Divorce—Alimony—Amount.**

The wife sued the husband for alimony and divorce, alleging adultery; the husband by cross-petition prayed for divorce, alleging adultery; the court, finding both parties at fault, denied both petitions. The wife

being entirely without means and in poor health, the husband being the owner of a valuable farm and other property inherited from his father's estate, the parties having lived together 19 years, during which time the wife was industrious, sharing with her husband farm work, and running a grocery store, it was error not to award the wife a portion of the husband's property as permanent alimony.

Thacker, J., dissenting.

Error from District Court, Oklahoma County; Edward Dewes Oldfield, Judge.

Action for alimony and divorce by Emma Hartshorn against Eugene Hartshorn, with cross-petition for divorce. Prayers of petition and of cross-petition denied, and plaintiff brings error. Judgment denying prayer of cross-petition affirmed and judgment denying prayer of petition reversed, and cause remanded, with direction to enter decree granting plaintiff an absolute divorce and to award her alimony.

J. S. Estes and Charles L. Moore, for plaintiff in error.

Moman Pruiett, for defendant in error.

OWEN, J. This is an action for alimony and divorce brought by plaintiff in error in the district court of Oklahoma county. Plaintiff filed her petition charging the defendant with having committed adultery. Defendant answered by general denial and cross-petition charging plaintiff with adultery, and praying for divorce. The trial court found both parties to be at fault and denied the prayer of both petitions. From that order the defendant did not prosecute an appeal. Plaintiff appealed and brings the case here. The trial court having found the defendant was not entitled to divorce, and the defendant not having appealed, we are not concerned with that branch of the case. The cross-petition filed by defendant charging plaintiff with adultery names Dr. E. M. Seiffert as co-respondent. The trial court made no findings of fact.

The evidence offered by the defendant in support of his charge of adultery was his own testimony that plaintiff admitted to having had improper relations with Dr. Seiffert, and a purported leaf of the register of the Atlas Hotel, Milwaukee, on which appeared the entry, "Dr. E. M. Seiffert and wife, Guthrie, Okla." His testimony as to the admission was contradicted by plaintiff, she denying she ever had any such conversation, and claiming that the condition of her health at the time rendered such relation impossible. The leaf from the hotel register was admitted over the plaintiff's ob-

jection. The only evidence offered to identify the leaf from the hotel register was the testimony of the attorney for the defendant, the substance of which was that he received the register from the proprietor of the hotel something like a year after the alleged date. There was no proof as to the name of the proprietor or that he was known to the attorney; as to who had the custody of this register prior to its being offered in evidence; that the same was genuine; had remained unchanged; that the Hotel Atlas was being conducted on the date mentioned, or that the purported register had in fact been used as a register of said hotel. The only testimony offered to prove that the inscription on the register was made by Dr. Seiffert was the testimony of defendant, who identified it as the doctor's handwriting. This witness also identified a bank check as the handwriting of Dr. Seiffert, and from the resemblance of the two, the court admitted the writing on the register as that of the doctor. There was no evidence offered to prove that Dr. Seiffert, or any one posing under that name, was in fact at the Atlas Hotel on the date mentioned.

The court erred in admitting the page from the register without its having been properly identified, by competent testimony, as the register kept of the Atlas Hotel on the date mentioned, and that it was in the same condition when offered that it was on the date of registration. But, had the register been properly identified, that alone would not be sufficient to prove the plaintiff guilty of adultery. There was no evidence offered to prove that she was the person referred to as his wife, and occupying the room with Dr. Seiffert. On the contrary, the plaintiff testified positively that she was not there. The only evidence offered which even tended to prove plaintiff was in Milwaukee on that date was a letter written with lead pencil to another woman, purporting to have been written from Milwaukee. This letter plaintiff admitted appeared to be her writing, but after having read the letter she denied positively that she wrote it. The general rule is that it is not necessary to prove the direct fact of adultery; this fact may be proven by circumstances. But the circumstances must be such as would lead the guarded discretion of a reasonable and just man to the conclusion of guilt. 2 Greenleaf on Ev. (16th Ed.) § 40. The party relying on the charge of adultery has the burden of proving it by a fair preponderance of the evidence. In proving adultery by circumstances two facts must be established, a

criminal disposition or desire in the mind of both the defendant and the particeps criminis, and an opportunity to commit the crime. 2 Bish. on Mar. & Div. § 619; Black v. Black, 30 N. J. Eq. 228.

From an examination of the record it appears there was not sufficient competent evidence offered on the part of the defendant to sustain the charge of adultery made against the plaintiff.

The trial court, having found the defendant was not without fault, erred in not awarding plaintiff alimony. Under section 4966, Rev. Laws 1910, the court was authorized to award alimony to plaintiff, notwithstanding the finding that both parties were in fault. When the parties appear to be in equal wrong, the court may in its discretion refuse to grant a divorce, but may for good cause shown make such order as may be proper for an equitable division of property. From the proof it appears that plaintiff was an industrious, hard working women during the 19 years she lived with the defendant; that she assisted in doing the work while they were living on a farm, and kept the books and assisted in the other work about his grocery store when they were living in the city of Guthrie; that she was entirely without means, and that the defendant had recently inherited considerable property from his father's estate. The defendant had the benefit of the plaintiff's services during the several years they lived together as husband and wife. In these circumstances the court should have awarded her a reasonable sum as permanent alimony. This court, in the case of Pauly v. Pauly, 14 Okla. 1, 76 Pac. 148, sustained an allowance of permanent alimony when the husband, without fault, was granted an absolute divorce for the wife's adultery. According to the testimony of the defendant he owns a farm in the state of Illinois of the value of $32,000 with a mortgage indebtedness of $6,500. The trial court should have granted to the plaintiff permanent alimony for at least a third of the net value of the defendant's farm.

The judgment of the trial court, in so far as it denied the prayer of the defendant, is affirmed, but is reversed so far as it denied the prayer of the plaintiff for divorce and alimony. The cause is remanded with directions to enter a decree granting plaintiff's prayer for absolute divorce, and to award her as permanent alimony the sum of $8,500, and to render judgment against the defendant, Eugene Hartshorn, for said sum of $8,500 and the cost of the action.

All the Justices concur, except THACKER, J., who dissents.

THACKER, J. (dissenting). It appears to me that my Associates have, in this case, misconceived the evidence and the probative effect of the same in several important respects, and are in error in holding the leaf from the hotel register mentioned in the opinion inadmissible in evidence. The facts in this case do not invite but forbid unnecessary recital or discussion, and I shall abstain from stating my own conception of the same except in so far as it seems necessary to make clear what I regard as the principal errors in the opinion of the court. A careful study and analysis of the evidence in this case leads me to believe that my Associates have failed to attach due probative value to some of its parts, and as a result have misconceived its probative effect as a whole, and, also, that they have failed to appreciate the reasoning upon which the trial court must have admitted the leaf from the hotel register mentioned in the opinion of the court. I do not contend that the evidence in this case is such that if the trial judge, who was in a much better position than we are to weigh the same, had granted the plaintiff a divorce we should disturb it; but I do contend with all possible earnestness that all the evidence upon which he denied her prayer for divorce was admissible and is sufficient to require an affirmance of his decree in this respect under the well-settled rules of this court in this regard. Laying out of the case the testimony of the defendant that the letter mentioned in the opinion of the court was in the handwriting of the plaintiff, I think the testimony of the plaintiff herself in regard to the letter should be construed as a whole as an admission that she wrote and mailed that letter from the Hotel Atlas, in Milwaukee, Wis., on July 8, 1913, although she made a qualified and unconvincing denial of certain comparatively unimportant, but apparently genuine, parts of the same after she had read the entire letter. I think that letter, together with the inferences properly deducible therefrom against her, sufficient to permit a finding that she was then and for a few days thereafter a guest at the Hotel Atlas in Milwaukee, Wis., with Dr. Ernest Seiffert as her companion guest. I think it may be inferred from that letter in the light of the undisputed facts in this case that the "Dr." and the "E. M. Seiffert" referred to in the same, and the Dr. Ernest Seiffert who is named as co-respondent in defendant's cross-petition against her are one and the same person. 4 Wigmore on

Evidence, § 2529, p. 3573; 1 Jones Commentaries on Evidence, § 100; 2 Modern Law of Evidence, § 1187; 6 Encyclopedia of Evidence, § 913.

I think there was sufficient circumstantial evidence of the genuineness of the leaf from the hotel register mentioned in the opinion of the court to make it properly admissible as evidence in this case. The fact that the register from which this leaf was taken was found in the Hotel Atlas, and in possession of the manager and proprietor of that hotel, about a year after July 8, 1913, by the witness who produced it in evidence, that among the registrations under the date of July 8, 1913, was "Dr. E. M. Seiffert and wife, Guthrie, Okla.," in the handwriting, as plaintiff admitted while upon the stand as a witness, of Dr. Ernest Seiffert, the co-respondent in this case, and that the leaf from this register here in evidence bears the appearance of genuineness and purports to be the register of that hotel, together with the proper inference from the aforesaid letter written by the plaintiff herself that Dr. Ernest Seiffert, the co-respondent, was then with her as a companion guest at that hotel. was sufficient to show that the register was genuine and was admissible in evidence as a circumstance tending to show, when considered in connection with all the other circumstances, in what relation she and he were registered at that hotel at that time.

As in point by analogy or otherwise upon the question of the admissibility of this register see the following authorities: 1 Wigmore on Evidence, § 437, pp. 514-15; 2 Wigmore on Evidence, § 1186, pp. 1397-99; Id. § 1273, p. 1550; 3 Wigmore on Evidence, § 2130, pp. 2892-93; Id. § 2149, p. 2918; Id. § 2168, pp. 2925-29; 4 Wigmore on Evidence, § 2530, pp. 3577-78; Smithers v. Lowrance, 100 Tex. 77, 93 S. W. 1064; Smithers v. Lowrance, 35 Tex. Civ. App. 25, 79 S. W. 1088; Barber v. International Co., 73 Conn. 587, 48 Atl. 758.

Her denial of the proven fact that she was at the Hotel Atlas and that she was in Milwaukee suggests and justifies a very damaging inference against her in this connection.

That the evidence in this case was sufficient to sustain the inference of guilt which the trial court found against the plaintiff see the cases of Kerr v. Kerr, 134 App. Div. 141, 118 N. Y. Supp. 801, and Till v. State, 132 Wis. 242, 111 N. W. 1109, 12 L. R. A. (N. S.) 1087, 122 Am. St. Rep. 1012.

Also see: 9 R. C. L., Divorce and Separation, §§ 105-6, pp. 328-9; 4 Encyclopedia of Evidence, § 762; 2 Corpus Juris, Adultery, § 46. p. 23.

It appears to me that my Associates have not, in the instant case, given due effect to the rule announced in such cases as Schock v. Fish, 45 Okla. 12, 144 Pac. 584, Friar v. McGilbray, 45 Okla. 597, 146 Pac. 581, and Smith v. Skelton, 63 Okla. 116, 163 Pac. 268, that this court will not disturb the decree of the trial court in a suit in equity upon the grounds of insufficiency of evidence unless it is clearly against the weight of the same.

I think the decree of the trial court, at least in so far as it denies plaintiff's prayer for divorce, should be affirmed.