D. S. CAGE & CO. v. AMSLER.  (No. 7786.)

(Court of Civil Appeals of Texas.  Galveston. Oct. 30, 1919.  On Motion for Rehearing, Nov. 26, 1919.  Second Motion for Rehearing Denied Jan. 15, 1920.)

1. SALES 181(4)—AMOUNT SHIPPED INADMISSIBLE TO SHOW GUARANTEED QUANTITY AT DESTINATION.

Where goods were shipped, destination weights and grades being guaranteed by shipper, proof of weights at point of shipment, when not followed by other evidence showing there could have been no change in the weight after the car left the point of shipment, was inadmissible to show what the weights were at destination.

On Motion for Rehearing.

2. SALES 181(4)—WEIGHTS AT DESTINATION OF SHIPMENT SUBJECT TO IMPEACHMENT.

Where peanuts were shipped, and seller guaranteed weights and grades at destination, weights at destination according to purchaser's weights were subject by proper evidence to impeachment for error or mistake.

Error from Harris County Court; W. E. Monteith, Judge.

Action by D. S. Cage & Co. against Mrs. Julia Amsler.  Judgment for defendant, and plaintiff brings error.  Reversed and remanded on rehearing.

Moody & Boyles, of Houston, for plaintiff in error.

Samuel Schwartz, of Houston, for defendant in error.

---

For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

GRAVES, J. D. S. Cage & Co., of Houston, ordered of C. Amsler's estate, of Hempstead:

"One (1) car clean, dry No. 1 Spanish peanuts, in good sacks, at price of $1.10 per bushel of 30 lbs. each, sacked, f. o. b. Howth, Texas.

"Terms: Sight draft, bill attached; inspection allowed before draft is paid.

"Shipment: To us at Houston within one week from date hereof.

"Conditions: Destination weights and grades fully guaranteed by you."

The peanuts were shipped from Howth on February 1st after this contract was made, but in some way not shown encountered delay and were not delivered to Cage & Co. at Houston until 13 days later, February 13th. In the meantime, however, pursuant to the terms of the sale and contemporaneous with the shipment on February 1st the seller had drawn a draft on the purchaser for $1,187.97, with bill of lading attached, showing consignment of a car of peanuts weighing 32,230 pounds (1,074.33 bushels of 30 pounds each), which Cage & Co. had paid on presentation in Houston; but, when the peanuts were delivered to and caused to be weighed by them at Houston on the thirteenth day after being so shipped, the car was found to actually contain only 28,618 pounds (953.93 bushels of 30 pounds each), or a shortage of 120.4 bushels, which at the contract price amounted to $132.44. Having thus overpaid that sum, Cage brought this suit to recover it, and, judgment having gone against him below, presents this appeal.

The trial court correctly, we think, construed the contract as one fixing the weight of the peanuts at Houston, the point of destination, as controlling, and permitted only this issue to go to the jury:

"What was the total net weight in pounds of the peanuts in question delivered by the defendant to plaintiff at Houston, Tex., at the time of their arrival in Houston?"

But when it came to the evidence, although plaintiff's proof had shown without dispute that their weight at destination was only 28,618 pounds, instead of the 32,230 pounds collected for on the draft, the defendant was permitted, over plaintiff's objection that under the terms of the contract sued upon it was immaterial and irrelevant, to introduce a mass of testimony showing the weight at Howth, the shipping point, to have been 31,925 pounds, to which 2 per cent. had been added to make up the amount for which the draft was drawn.

Responding to this evidence of the weight at Howth, the jury entirely ignored the only proof before it of the weight at Houston, which, as stated, was direct and undisputed, and, in answering the question propounded, found this shipping point weight of 31,925 pounds to be the weight at destination also.

[1] We think the objection made to proof of the weight at Howth, when not followed by other evidence showing there could have been no change in the weight after the car left Howth, was good and should have been sustained. The contract called for the delivery of a fixed quality and quantity of peanuts at Houston, and the weight and grade were fully guaranteed there, not at the place of shipment. The goods were shown to be subject to shrinkage—even by the testimony of the seller's agent—they were loaded 50 miles distant from the point of delivery, were delayed for 13 days before being tendered to the purchaser, and were not shown on arrival at Houston to be in the same condition as to the number of sacks and the quantity in each as when shipped.

In these circumstances, the sole question being the weight at Houston, it was immaterial how many pounds were put in the car up at Howth, and evidence that any particular number of pounds were shipped from there would not tend to prove that the same quantity were delivered in Houston so many days later, especially in the absence of any showing that the shipment in the meantime remained intact. Richard Cocke & Co. v. Big Muddy Coal & Iron Co., 155 S. W. 1019; McLaughlin v. Terrell Bros., 179 S. W. 932.

From this conclusion it follows that the judgment must be reversed, and, the facts having been fully developed under undisputed proof that plaintiff in error paid for $132.44 worth more of peanuts than were delivered to him, at the contract price than were delivered to him, judgment will be here rendered in his favor for that sum, together with all costs.

Reversed and rendered.

### On Motion for Rehearing.

In a very able motion for rehearing the defendant in error now calls attention to quite an array of facts and circumstances appearing in the record, which, it is contended, were admissible—when considered together—as at least raising an issue upon the correctness of the weights made at Houston. While the matter is not at all clear of doubt, we conclude that the position should be sustained, and, as a consequence, that the cause should be sent back for another trial below, instead of being rendered here as formerly.

[2] The agreement of the parties to abide by the weights at Houston, while controlling in the sense stated in the original opinion, undoubtedly further meant true and correct weights at that point, and, if the matters referred to did have enough of probative force to reasonably call that result in question, they were competent for the jury as so tending. In other words, although the place of delivery and the governing weight were fixed at Houston by the contract, and the mere weight at Howth—when not followed by other evidence showing there

could have been no change in weight after the car left there—was inadmissible, as originally held, still the weights at Houston were subject by proper evidence to impeachment for error or mistake; the contract here did not provide that the parties were to go by Cage & Co.'s weights, but simply by the weights, that is, the correct weights, at destination. Standard Oil Co. v. Van Etten, 107 U. S. 325, at page 332, 1 Sup. St. 178, 27 L. Ed. 319; Ruling Case Law, vol. 23, p. 1421, § 245; Cyc. vol. 35, pp. 211, 212.

The motion is accordingly granted to the extent stated, and our original judgment so modified as to remand instead of to render the cause.