EDMONDSON v. HUNING MERCANTILE CO. (No. 3224.)

(Court of Civil Appeals of Texas. Texarkana. April 1, 1926.)

1. Sales ⊕=>418(9)—Subcontractor, who failed to deliver hay to third person according to contract of sale as agreed, held liable to seller for lost profits.

Subcontractor, who agreed with seller to deliver hay to buyer on seller's contract of sale, with knowledge of such contract, but refused to deliver it as agreed, *held* liable to seller for profits which would have been made if hay had been furnished.

2. Sales ⊕=>418(12).

Expected profits are recoverable which are fairly within contemplation of parties, where parties have contracted in reference to resale.

3. Sales ⊕=>413—Evidence of subcontractor's knowledge of seller's contract with government at time contract was entered into held admissible under seller's allegations that he knew of such contract and agreed to deliver all hay required by it.

Evidence of subcontractor's knowledge of seller's contract with government at time contract was entered into *held* admissible under seller's allegations that he knew of such contract, in light of previous allegation that he agreed to deliver all hay on such contract.

Appeal from District Court, Harris County; Ewing Boyd, Judge.

Action by the Huning Mercantile Company against W. L. Edmondson, in which defendant filed cross-action. Judgment for plaintiff on the cross-action, and defendant appeals. Reversed and remanded.

Franklin & Blankenbecker, of Houston, for appellant.

Andrews, Streetman, Logue & Mobley and S. H. Brashear, all of Houston, for appellee.

LEVY, J. [1] The controversy upon the appeal is as to the sufficiency as a pleading of the appellant's cross-action seeking to recover profits lost as the actual result of the failure to deliver certain hay which he had contracted to sell and deliver to a third party. The ruling seems to have been that the pleading was generally insufficient, "because the cross-action did not allege that the plaintiff knew or had notice that the defendant would suffer such damages at the time the contract was entered into." The appellant offered evidence in support of the allegations, and, on objection, the evidence was not allowed to be offered for the reason mentioned. Aside from the question of fullness, and giving the language used the latitude allowable by a reasonable interpretation, it is believed that the allegations show, as against a demurrer, a cause of action. The appellant was reasonably asserting in the cross-action that, in point of fact, he had a contract with the federal government (meaning the supply officers of the army) to furnish 260 tons of hay at the fort at Douglas, Ariz., and 80 tons of hay at the fort at Columbus, N. M., at the prices, respectively, of $27.10 and $23.90 per ton, and that the appellee, with actual knowledge of the contract at the time, and acting in reference thereto, subcontracted with the appellant to furnish all the hay contracted for direct to the government at the places mentioned and at the prices, respectively, of $25 and $22 per ton; that the appellee undertook to carry out the contract, but, upon rejection of a shipment, refused to continue to perform it, causing the appellant to lose the known profits as the actual result of the failure to deliver the hay.

[2] Expected profits are recoverable which are fairly within the contemplation of the parties, and where the parties may be considered, as here, to have contracted in reference to a resale. If the appellee undertook, by a subcontract with appellant, to deliver all of the hay on appellant's contract direct to the government, knowing at the time of appellant's contract, but refused to deliver all of the hay as agreed, the appellant would be entitled to recover the profits which would have been made if the hay had been furnished by appellee according to contract. Sun Mfg. Co. v. Egbert & Guthrie, 84 S. W. 667, 37 Tex.

Civ. App. 512; Grocery Co. v. Veltman (Tex. Civ. App.) 83 S. W. 224; Cocke & Co. v. Coal & Iron Co. (Tex. Civ. App.) 155 S. W. 1019; Barnes v. Early-Foster Co. (Tex. Civ. App.) 228 S. W. 248. Such loss is the direct and necessary result of the subcontractor's act, where he knowingly undertakes to carry out the original contract.

[3] The allegation that the appellee "knew of the defendant's (appellant's) contract with the United States government," in the light of the previous allegation that the appellee agreed to deliver all the hay "upon contract of the defendant (appellant) with the United States government," would refer by intendment to the time the contract was entered into. At least, evidence in respect thereto would be admissible. Knowledge of the terms of the contract would be imputed to appellee according to the weight of the evidence offered. Whether all the evidence offered is admissible or not, we do not determine. We conclude that it was error not to permit any proof under the cross-action.

The judgment is reversed, and the cause is remanded for trial.