## UNITED STATES *v.* BUTLER.

*(District Court, E. D. Michigan.  April 29, 1889.)*

**1. PERJURY—PLEA OF PRIOR ACQUITTAL.**
   A defendant, who had been acquitted upon an indictment for selling liquors, without payment of the special tax required by law, was subsequently put upon trial for perjury, in swearing upon his preliminary examination before a commissioner that he did not so sell. *Held,* that a plea of prior acquittal was bad, as the two indictments were not for the same transaction, nor sustained by the same evidence.

**2. JUDGMENT—RES ADJUDICATA.**
   *Held, further,* that his acquittal for selling liquor was a conclusive adjudication in his favor upon the subsequent trial for perjury, and that the government could not show that his oath was false.

*(Syllabus by the Court.)*

At Law.  On plea to indictment.

Defendant was indicted for selling malt liquors without payment of the special tax required by law, and also for perjury, in swearing before a United States commissioner, upon his preliminary examination, that he did not so sell. Upon his trial for selling liquor he was acquitted, and thereupon pleaded to the indictment for perjury *autrefois acquit.*

*C. P. Black,* U. S. Atty.

*D. A. Straker* and *Sylvester Larned,* for defendant.

BROWN, J.  It certainly strikes one as an anomaly that, after an acquittal for a criminal offense, a party may be put upon trial for perjury, in swearing that he was not guilty of that offense; but I do not think a plea of former acquittal is the proper way to take advantage of it. To make such a plea effective it must appear that the same evidence will sustain both indictments, and that they relate to the same

transaction. Thus, if a person be acquitted of robbery, he cannot be convicted of larceny of the same property; nor, after conviction for arson, can a prisoner be tried for murder committed in burning the building, although it has been held that a trial and conviction for an assault and battery is no bar to a subsequent indictment for manslaughter. *Burns* v. *People*, 1 Park. Crim. R. 182. But the offense of perjury is a totally distinct and separate thing from selling liquor, and was committed at a different time, although it related to the same transaction, and the evidence that will sustain one will only partly sustain the other. If defendant's contention were sound it would follow as a matter of course that if he had been convicted upon the first indictment for selling liquor, he could have pleaded a prior conviction to the indictment for perjury, a point I should be quite unwilling to concede.

But I am clearly of the opinion that upon the trial of this case the defendant would be entitled to show that he had been acquitted of the offense concerning which he is charged to have committed perjury, and that such acquittal would be conclusive. Whenever the same fact has been put in issue between the same parties, the verdict of the jury upon such issue is a complete estoppel. This case contains all the elements of a plea of *res judicata*; the parties are the same; the point in issue, viz., whether he did in fact sell liquor, is the same, and the quantum of proof requisite in both cases is also the same. Had he sworn before the commissioner that he had paid his tax and had been acquitted by the jury upon the ground that he did not sell liquor, the issue would have been different, and perhaps such difference might have been shown by parol, but in this case the two issues were identically the same. The case is practically covered by *Coffey* v. *U. S.*, 116 U. S. 436, 6 Sup. Ct. Rep. 437. This was an information *in rem* against a distillery for a violation of the internal revenue laws. The claimant pleaded in defense a prior judgment of acquittal upon a criminal information against himself by the United States, alleging that such criminal information contained the same charges alleged in the information *in rem*. The plea was held to be good, the court taking the ground that, "where an issue raised as to the existence of the act or fact denounced has been tried in a criminal proceeding instituted by the United States, and a judgment of acquittal has been rendered in favor of a particular person, that judgment is conclusive in favor of such person on the subsequent trial of a suit *in rem* by the United States, where, as against him, the existence of the same act or fact is the matter in issue as a cause for the forfeiture of the property." It was further held in that case that it made no difference that in the criminal case the guilt of the defendant must be proved beyond a reasonable doubt, while upon the question of forfeiture the jury might find a verdict for the United States upon a simple preponderance of proof. While I do not find the doctrine of *res adjudicata* discussed in criminal cases, I see no reason why the general rule regarding estoppels should not apply, especially where the quantum of proof required in the two prosecutions is the same. If this party could be convicted of perjury in swearing to a state of facts which a jury in another

case against him has found to be true, it would result that every criminal case in which the defendant takes the stand and is acquitted could be practically retried upon an indictment for perjury. This never could have been the contemplation of congress in allowing a defendant to be sworn in his own behalf.

I express no opinion as to whether, if he had been convicted, such conviction would act as an estoppel against him in a prosecution for perjury, as the question is not involved in this case.