CHITWOOD v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. March 22, 1910.)

No. 2,985.

1. JUDGMENT (§ 751*)—CHARGE OF FALSE SWEARING ON TRIAL FOR ANOTHER OFFENSE—EVIDENCE OF GUILT ON FORMER CHARGE.

On the trial of a post office clerk for perjury in falsely swearing on the trial of a former prosecution against him for stealing letters, in which he was acquitted, that he had not read and did not understand a purported confession signed by him and introduced against him, it was prejudicial error to permit certain inspectors, who charged him with the former offense and at whose instance the alleged confession was signed, to testify as to his previous actions, seen by them, which led them to make the charge; the question of his guilt on such charge having been conclusively settled against the government for all purposes by his acquittal.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1309, 1310; Dec. Dig. § 751.*]

2. JUDGMENT (§ 751*)—SCOPE OF ISSUES.

A person acquitted of a crime cannot be again tried for it under the guise of a charge of perjury, and although he may be prosecuted for perjury for false swearing on his trial, where his testimony was not as broad as the charge, as a denial of guilt, but was to a subordinate evidential matter, the evidence on his trial must be confined to the narrower issue, and not be given such range as to amount to a retrial of the first case.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1309, 1310; Dec. Dig. § 751.*]

In Error to the District Court of the United States for the Eastern District of Arkansas.

Rellis A. Chitwood was convicted of perjury, and brings error. Reversed.

George W. Murphy (Charles T. Coleman and W. M. Lewis, on the brief), for plaintiff in error.

William G. Whipple, U. S. Atty.

Before HOOK and ADAMS, Circuit Judges, and CARLAND, District Judge.

HOOK, Circuit Judge. Chitwood, a clerk in a post office, was tried for secreting and embezzling letters and stealing their valuable contents. A writing purporting to be a confession of guilt, signed by the accused, was received in evidence against him. He testified in his own behalf that before he signed the confession he did not read it, it was not read to him, and its contents were contrary to his understanding of them. He also denied that, when the confession was read to him the following day, he admitted it was as he understood it. The accused was afterwards indicted, tried, and convicted of perjury in so testifying, and that is the matter involved in the present writ of error.

It is claimed the trial court erred in admitting certain testimony of two post office inspectors and in excluding the records showing the acquittal of the accused in the first case. At the trial of the perjury case the inspectors were allowed to testify, over the objection of the

accused, that they secretly watched him while he was at work with the mail, and to describe particularly and minutely his suspicious actions. The government seeks to justify the admission of this evidence upon the ground that what the inspectors saw was part of the res gestæ. We do not think so. The matter then in issue was, not whether the accused was guilty of a crime against the postal laws, but solely whether he committed perjury in testifying that the writing purporting to be a confession had not been read and was not so understood by him. After watching him a while, the inspectors confronted and accused him, and the alleged confession followed. What they told him during that conversation and what was done was properly admitted as part of the transaction with him, and as bearing on his understanding of the character of the writing he signed, but not what previously occurred. His actions while secretly watched threw no light at all upon the question whether the confession was read to him or by him; and, though they may have been the inducement to the inspectors' subsequent accusation, they were not necessary incidents to the confession itself and the understanding of its particular character by the accused. What the inspectors told the accused was a part of the transaction, but not the independent facts upon which their action proceeded.

It is argued by counsel for the government that the evidence objected to tended to show the confession was true, and, therefore, it was likely the accused understood it. In other words, the proposition is that the government could show he was guilty of the crime for which he had been tried as proof that he committed perjury. The contention is unsound, and it exhibits the prejudicial character of the testimony that was admitted. If the accused was acquitted of the prior charge, as the excluded court records showed, the issue of guilt was conclusively settled against the government for every purpose, and could not again be drawn in question as a makeweight in another prosecution. A person acquitted of a crime cannot be again tried for it under the guise of a charge of perjury. United States v. Butler (D. C.) 38 Fed. 498; Cooper v. Commonwealth, 106 Ky. 909, 51 S. W. 789, 45 L. R. A. 216, 90 Am. St. Rep. 275. For the effect of an acquittal upon subsequent proceedings of a different kind but involving again the question of guilt, see Coffey v. United States, 116 U. S. 436, 6 Sup. Ct. 437, 29 L. Ed. 684; United States v. McKee, 4 Dill. 128, Fed. Cas. No. 15,688. Nor can the government reassert guilt of the first offense to sustain a charge of perjury in securing an acquittal.

We do not mean that an acquittal necessarily prevents a subsequent conviction for perjury committed by the accused at the trial. But if the particular testimony alleged to be false is as general and broad as the charge of the crime—in other words, a denial of guilt—a trial for perjury is virtually a second trial of the prior case. This is illustrated in Cooper v. Commonwealth, supra. In a trial of a man and woman for adultery, the man swore he never had carnal sexual intercourse with her. They were acquitted. He was then indicted for perjury in so testifying; but it was held the charge could not be sustained. If, however, the false swearing, like in the case at bar, is as to a subordi-

nate evidential matter, and not a mere general denial of the entire charge, an indictment for perjury may be upheld, notwithstanding the prior acquittal. But the evidence should be confined to the narrower issue, and not be given such a range as to amount to a retrial of the first case. A former acquittal, and perjury in testifying about the confession, were not necessarily inconsistent. Both may have existed. The accused was not, therefore, entitled to have the record of the former admitted as a bar to the prosecution for the latter. But we think that under the circumstances the court erred in admitting independent evidence of guilt of the first offense.

The judgment is reversed, and the cause remanded for a new trial.