## YOUNGBLOOD v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. July 7, 1920.)

No. 5532.

1. **Criminal law ⬦⟜901—Motion to direct verdict after government's case waived by introduction of evidence.**

   Accused waives error in the ruling of the trial court denying his motion for directed verdict at the close of the government's case by thereafter introducing testimony in his defense.

2. **Criminal law ⬦⟜395—Evidence that articles defendant was charged with stealing were taken without search warrant inadmissible.**

   In a prosecution for perjury in testimony by accused in his own behalf in a former prosecution for larceny from interstate commerce, evidence that the articles defendant was accused of stealing were taken from his possession by the sheriff without a search warrant was properly excluded; the means by which competent evidence is procured being a collateral issue, which should not be determined at the main trial.

3. **Searches and seizures ⬦⟜7—In prosecution in federal court, unlawful seizure by state officer is no defense.**

   It is no defense in a prosecution in the federal courts that evidence introduced against accused was obtained by unlawful search, where the search was made by a state officer, who made no claim to act under any federal authority.

4. **Perjury ⬦⟜15—Conviction for false testimony in own defense as to evidential matter permissible after acquittal of crime.**

   A defendant, who testified in his own defense, may be prosecuted for false testimony as to a subordinate evidential matter, not a mere denial of the entire charge, notwithstanding an acquittal in the case in which the testimony was given.

In Error to the District Court of the United States for the District of North Dakota; Charles F. Amidon, Judge.

Ray C. Youngblood was convicted of perjury, and he brings error. Affirmed.

L. A. Simpson, of Dickinson, N. D. (E. T. Burke, of Bismarck, N. D., on the brief), for plaintiff in error.

Melvin A. Hildreth, U. S. Atty., of Fargo, N. D. (Samuel L. Nuchols, of Mandan, N. D., and Philip Elliott, Asst. U. S. Attys., of Fargo, N. D., on the brief), for the United States.

Before SANBORN and CARLAND, Circuit Judges, and TRIEBER, District Judge.

TRIEBER, District Judge. The plaintiff in error, hereafter referred to as the defendant, seeks by this writ of error to reverse a judgment of conviction on an indictment charging him in two counts with the crime of perjury. Although found guilty on both counts and sentenced to imprisonment on each, the confinement is concurrent.

Without setting out all the formal allegations in the indictment, the sufficiency of which is not questioned, it charges the defendant, in the first count, with having sworn falsely while a witness in his own behalf in a cause pending in the District Court of the United States for the District of North Dakota, in which he and another defendant were

charged with the crime of larceny from an interstate railroad car. The second count charges him with having sworn falsely, while testifying in the same case, in which he was charged in the second count of the indictment, with having in his possession certain articles which had been stolen from a railroad car in process of transportation in interstate commerce, knowing that they had been feloniously stolen from such a car.

Although it is alleged in the assignment of errors that the court erred in denying defendant's motion to direct a verdict of acquittal at the close of the government's evidence, and again at the close of all the testimony in the case, the record fails to show that such motions were made at any time in behalf of the defendant; but, as the defendant's personal liberty is involved, we have considered the assignment that the court erred in refusing to direct a verdict of acquittal at the close of all the testimony.

[1] As to the denial of the motion for a directed verdict at the close of the government's testimony, even if it had been made, it could not be considered by this court, as it was waived when the defendant introduced testimony in his defense. A careful reading of the testimony satisfies beyond question that, unless the court erred as a matter of law in submitting the cause to the jury, it committed no error. The errors of law, although not complained of in the assignment of errors, nor discussed in the brief of counsel for defendant, were presented in the oral argument, and will be considered by the court.

[2] It is claimed that the court erred in sustaining objections to testimony offered in behalf of defendant that the articles, alleged to have been stolen and found in the defendant's residence by the sheriff of Golden Valley county, N. D., were seized by the sheriff after a search of his home without a lawful search warrant. No request had been made to the court before the trial of the first cause or this cause for a return of the goods thus seized by the sheriff, or an order restraining the prosecuting officer of the United States from introducing evidence obtained from the alleged unlawful search.

The leading case on this subject, upon which both parties rely, is Weeks v. United States, 232 U. S. 383, 34 Sup. Ct. 341, 58 L. Ed. 652, L. R. A. 1915B, 834, Ann. Cas. 1915C, 1177. But this case does not sustain defendant's contention. It was there held that while, upon an application by the defendant charged with the commission of a crime, it is the duty of the court to order the return of all papers, documents, and articles seized by officials of the United States without a legal search warrant, the court will not, at the trial of the charge permit a collateral issue to be raised as to the source of competent testimony, citing with approval Adams v. New York, 192 U. S. 585, 24 Sup. Ct. 372, 48 L. Ed. 575, 1 Greenleaf, § 254a, and the case note to State v. Turner, 136 Am. St. Rep. 129, 135. The court in referring to that note said:

"After citing numerous cases the editor says: 'The underlying principle of all these decisions obviously is, that the court, when engaged in the trial of a criminal action, will not take notice of the manner in which a witness has possessed himself of papers or other chattels, subjects of evidence, which are material and properly offered in evidence. People v. Adams, 176 N. Y. 351, 98

Am. St. Rep. 675, 68 N. E. 636, 63 L. R. A. 406. Such an investigation is not involved necessarily in the litigation in chief, and to pursue it would be to halt in the 'orderly progress of a cause, and consider incidentally a question which has happened to cross the path of such litigation, and which is wholly independent thereof.' "

See, also, Farmer v. United States, 223 Fed. 903, 908, 139 C. C. A. 341.

As no application for the return of the articles alleged to have been unlawfully seized was made, the court committed no error in refusing to permit evidence to be introduced to show that the search and seizure were without a lawful search warrant.

[3] Another ground upon which the court properly sustained the objection, as determined in Weeks v. United States, is:

"As to the papers and property seized by the policemen, it does not appear that they acted under any claim of federal authority, such as would make the amendment applicable to such unauthorized seizures. The record shows that what they did by way of arrest and search and seizure was done before the finding of the indictment in the federal court, under what supposed right or authority does not appear. What remedies the defendant may have against them we need not inquire, as the Fourth Amendment is not directed to individual misconduct of such officials. Its limitations reach the federal government and its agencies."

In the instant case the record shows that the search and seizure were made by the sheriff of that county, an officer of the state of North Dakota, before the indictment in the federal court had been returned, and there is nothing to show that the sheriff acted under the authority of a federal official. Silverthorne Lumber Co. v. United States, 251 U. S. 385, 40 S. Ct. 182, 64 L. Ed. ——, also relied on by the defendant, does not sustain his contentions. What was determined in that case was that the court may not compel parties charged with the violation of a penal law of the United States to produce books and documents before the grand jury to be used in regard to alleged violations of the statutes of the United States by them.

[4] The next contention on behalf of the defendant is that, the defendant having been tried on the larceny charge and acquitted, he cannot be tried for the crime of perjury alleged to have been committed while testifying at the trial of that cause in his own behalf. In Allen v. United States, 194 Fed. 664, 114 C. C. A. 357, 39 L. R. A. (N. S.) 385, this same question was in issue and the court in a very able opinion, citing numerous authorities, held that one may be convicted of perjury for testifying falsely in his own behalf on his trial for a crime of which he is acquitted, and is not thereby twice put in jeopardy for the same offense, but the government should not institute a prosecution for perjury on substantially the same evidence presented on the first trial.

A full list of authorities on this question will be found in the case notes in 39 L. R. A. (N. S.) 385, and L. R. A. 1917B, 738. In Cooper v. Commonwealth, 106 Ky. 909, 51 S. W. 789, 59 S. W. 524, 45 L. R. A. 216, 90 Am. St. Rep. 275, a different conclusion was reached, but in Teague v. Commonwealth, 172 Ky. 665, 189 S. W. 908, L. R. A. 1917B, 738, that case was expressly overruled by the Court of Appeals

of Kentucky. Nor does Chitwood v. United States, 178 Fed. 442, 101 C. C. A. 342, decided by this court, apply to the facts in this case. While the court held that upon the facts in that case, he should not have been tried for perjury, it qualified it by saying:

"We do not mean that an acquittal necessarily prevents a subsequent conviction for perjury committed by the accused at the trial. But if the particular testimony alleged to be false is as general and broad as the charge of the crime—in other words a denial of guilt—a trial for perjury is virtually a second trial of the prior case. This is illustrated in Cooper v. Commonwealth, supra. In a trial of a man and woman for adultery, the man swore he never had sexual intercourse with her. They were acquitted. He was then indicted for perjury in so testifying; but it was held the charge could not be sustained. If, however, the false swearing, like in the case at bar, is as to a subordinate evidential matter, and not a mere general denial of the entire charge, an indictment for perjury may be upheld, notwithstanding the prior acquittal. But the evidence should be confined to the narrower issue, and not be given such a range as to amount to a retrial of the first case. A former acquittal, and perjury in testifying about the confession, were not necessarily inconsistent. Both may have existed. The accused was not, therefore, entitled to have the record of the former admitted as a bar to the prosecution for the latter."

There are other assignments of error as to the admission of some evidence, but a careful examination fails to convince that the court committed any error.

Finding no error in the record, the judgment is affirmed.