(No. 14107.—Judgment affirmed.)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ODD NILES, Plaintiff in Error.

*Opinion filed December 22, 1921.*

1. CRIMINAL LAW—*a defendant may be prosecuted for perjury in giving testimony by which he obtained his acquittal of another charge.* An acquittal of one charged with crime is no bar to a prosecution for perjury for false testimony given by him at the trial, even though a conviction of the charge of perjury necessarily imports a contradiction of the verdict of not guilty of the former charge, as where a defendant is acquitted of a charge of receiving stolen property and is afterward indicted for perjury in testifying that he did not know the property was stolen.

2. SAME—*extent to which evidence of other transactions is admissible in prosecution for receiving stolen property.* In order to show guilty knowledge in a prosecution for receiving stolen property it is proper to show that the defendant had on other occasions received stolen property from the same thieves, and where former transactions are proved it is proper to prove subsequent transactions with the same parties, on the theory that such evidence tends to show knowledge of the accused that the property was stolen, because of the continuous practice of dealing with the thieves.

3. SAME—*what evidence is admissible in prosecution for perjury by defendant on a former trial.* Evidence competent to prove guilty knowledge in a prosecution for receiving stolen property is competent to prove guilty knowledge in a subsequent prosecution of the defendant for perjury committed by swearing falsely in the former trial that he did not know the property was stolen.

4. SAME—*admission of evidence should be carefully guarded in prosecution for perjury by defendant on former trial.* The trial judge should guard with unusual care the admission of evidence and the conduct of the prosecution on a trial for perjury alleged to have been committed by the defendant when he was on trial for another offense; but it must be kept in mind that he is being prosecuted for perjury and not the previous charge, and only such evidence as tends to establish the perjury should be admitted.

5. SAME—*what argument of State's attorney is improper in a prosecution for perjury.* In a prosecution for perjury alleged to have been committed by the defendant when he was being prosecuted for receiving a stolen automobile, the State's attorney should not exhort the jury "to stop automobile-stealing," as the issue is

not automobile-stealing but perjury; but such argument, if not prejudicial in view of the record, is not ground for reversal.

6. SAME—*what does not render convicts incompetent as witnesses.* The fact that confessed accomplices and a convict, who had been brought from confinement for the purpose of testifying against the defendant in a prosecution for receiving stolen property, were unlawfully permitted to run at large for three weeks at the time of the trial does not render them incompetent as witnesses in a subsequent prosecution of the defendant on a charge of perjury committed by him in denying on the former trial any knowledge that the property was stolen.

WRIT OF ERROR to the City Court of Mattoon; the Hon. HARRY C. STUTTLE, Judge, presiding.

BRYAN H. TIVNEN, (THOMAS R. FIGENBAUM, of counsel,) for plaintiff in error.

EDWARD J. BRUNDAGE, Attorney General, EMERY ANDREWS, and R. G. REAL, Special State's Attorneys, and FLOYD E. BRITTON, for the People.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

Plaintiff in error, Odd Niles, and Frank Haskell and Sylvester Jackson, were jointly indicted at the March term, 1919, of the city court of Mattoon for the larceny of and receiving as stolen property the Ford automobile of William Paxton. Haskell and Jackson pleaded guilty to the larceny of the automobile and testified on the trial of plaintiff in error that he bought the automobile from them with full knowledge that it was stolen and that he drove the automobile to East St. Louis and sold it. Plaintiff in error was found not guilty. At the September term, 1919, of the city court of Mattoon plaintiff in error was indicted for perjury, the charge being that he testified falsely as a witness in his own behalf on his trial for the offense of receiving stolen property. He was found guilty and the cause was brought to this court by writ of error and reversed and

remanded for errors committed on the trial. (*People* v. *Niles,* 295 Ill. 525.) In the opinion filed on the 'former review we set out at length the allegations of the indictment and the testimony of the witnesses. Plaintiff in error was tried again on the same indictment and the. same evidence was introduced. He was again convicted, and prosecutes this writ of error to review the judgment of the city court of Mattoon.

This record presents for decision this question: Can a person acquitted by a jury of an offense of which he denied his guilt as a witness in his own behalf be afterwards prosecuted for perjury predicated upon testimony given by him upon the former trial, where a conviction of the charge of perjury necessarily imports a contradiction of the verdict of not guilty in the former trial? While this court has acted, in at least two cases on the assumption that such a prosecution was authorized, (*People* v. *Melnick,* 274 Ill. 616; *People* v. *Ashbrook,* 276 id. 382;) the question has never been formally considered or discussed. Plaintiff in error contends that his acquittal of the charge of receiving stolen property is *res judicata* of the issue presented under this indictment for perjury, and cites authority to support his contention. The People have ignored this authority and have presented none to meet it, but we consider the question of such importance as to demand an independent investigation of the views entertained by courts of other jurisdictions. The Attorney General and the special State's attorney who prosecuted this case content themselves with the statement made by us in *People* v. *Niles, supra,* to-wit: "If he secured or influenced his acquittal on that charge by giving false testimony his acquittal would be no bar or estoppel to his indictment and trial on the charge of perjury." This does not answer the question. There is no contention that plaintiff in error cannot be indicted and tried for perjury predicated upon testimony given by him on his trial for receiving stolen property where the conviction for the

charge of perjury would not necessarily directly contradict the verdict of acquittal on the former trial, but it is contended that the evidence offered by the prosecuting attorney and the argument made by him on this trial show that he is, in fact, re-trying plaintiff in error upon the charge of receiving stolen property, and that the jury in the case at bar could not have found plaintiff in error guilty of perjury without finding that he was guilty of the charge of receiving stolen property. There is no escape from this issue, and unless we can answer in the affirmative the question presented by the record this judgment cannot be sustained.

Plaintiff in error relies on *United States* v. *Butler,* 38 Fed. 498, where it is said: "If this party could be convicted of perjury in swearing to a state of facts which a jury in another case against him has found to be true, it would result that every criminal case in which the defendant takes the stand and is acquitted could be practically re-tried upon an indictment for perjury." *Cooper* v. *Commonwealth,* 106 Ky. 909, is to the same effect. In the latter case two justices dissented, saying in part: "In other words, it is held that if the defendant in a criminal case will swear to enough to secure an acquittal and does in this manner get a verdict in his favor in that case, he cannot, although clearly guilty, be punished for the perjury or false swearing by means of which he defeated justice. Such a rule puts persons charged with crime, when testifying for themselves, on a different plane from other witnesses, and offers an incentive not only to perjury on their part but to the corruption of justice in other ways to secure a verdict in their favor which will protect them from punishment for both the offense for which they are tried and the perjury committed on the trial. It is certainly anomalous to say that if a criminal attempts by perjury to secure an acquittal and fails in the attempt he may be punished for the crime, but that if he is successful no punishment can be inflicted. Undoubtedly, it would seem that there is, at most, as sound

reason for punishing this grave crime where the ends of justice have been thereby defeated as where the effort to defeat justice has proved abortive." In *Allen* v. *United States,* 194 Fed. 654, 39 L. R. A. (N. S.) 385, the court refused to follow the rule laid down in the cases above cited, and held that the fact that the defendant had been acquitted at the trial at which the alleged false testimony was given did not bar a prosecution for giving false evidence on that trial. In *Teauge* v. *Commonwealth,* 172 Ky. 665, 189 S. W. 908, L. R. A. 1917B, 738, the Kentucky Court of Appeals directly overruled the decision in *Cooper* v. *Commonwealth, supra,* and in a well-considered opinion lays down the rule that acquittal of one charged with crime is no bar to a prosecution for perjury for testimony given by him at the former trial.

The issue in the prosecution for receiving stolen property was, Did plaintiff in error for his own gain buy the stolen automobile knowing it to have been stolen? And the issue in the case at bar is, Did plaintiff in error knowingly and willfully testify falsely as a witness upon the former trial that he did not know the automobile was stolen at the time he bought it and that he did not have any dealings with Haskell and Jackson that would have led him to believe the automobile was stolen? The act for which he was tried in the former trial was committed September 24, 1918, and the act for which he was tried in the latter trial was committed March 28, 1919. The basis of the contention that the verdict of acquittal in the former case is a bar to the prosecution of the latter case is, that the judgment of acquittal was an adjudication that plaintiff in error did not for his own gain buy the stolen automobile knowing it to have been stolen, and that that question has been finally determined and cannot be inquired into again. If this contention is sound it would logically follow that a judgment of conviction in the former case would likewise be conclusive evidence against plaintiff in error in the prosecution in

the latter case. We do not think anyone would argue seriously that this is the law, and that being true, it demonstrates the unsoundness of the contention made. The effect of sustaining the contention of plaintiff in error would be to hold that an accused in a prosecution against him may practice a fraud upon the court and the jury and secure his acquittal by means of this fraud perpetrated by and through the medium of his false testimony, and then have the fraud sanctioned to the extent of making the judgment of acquittal conclusive evidence of his innocence in swearing that he was not guilty of the offense charged, although in truth and in fact he might have been proven guilty beyond a reasonable doubt and convicted if all the facts in the case had been truthfully put before the court and the jury. When an accused is put upon his trial and acquitted that is an end of the matter, and so if in a prosecution against him he could by giving false testimony secure a judgment of acquittal when, if the truth had been known, there would have been a judgment of conviction, it would necessarily follow that he could commit two crimes against the State,— one, the offense with which he was charged in the prosecution in which he gave false testimony, and the other, the crime of perjury,—and go free of punishment for each. No citation of authority or elaborate argument is necessary to show that a rule which would permit conditions like this to prevail should not be tolerated in a jurisdiction where punishment is supposed to follow the willful violation of a statute.

Justice cannot be administered through a system of courts unless there can be some assurance that the finding of the court is based upon testimony truthfully given. Any rule which tends to encourage the giving of false testimony threatens the peaceable and commendable settlement of controversies by the courts. The general proposition that one can escape punishment for perjury because he succeeded in inducing a jury to credit his false testimony is supported

neither by authority nor by reason. If he could, then it follows that the law encourages parties,—particularly defendants in criminal cases,—to perjure themselves. We must declare that the law is guilty of no such folly. An accused's immunity from punishment for crime must not be made to depend upon the accomplishment of his acquittal in one prosecution by committing the crime for which he claims immunity. It is furthermore the policy of the law that judicial proceedings and judgments shall be fair and free from fraud, and that litigants and parties be encouraged, when sworn as witnesses, to tell the truth, and that they be punished if they do not. The authorities seem now to be unanimous in holding that an acquittal of one charged with crime is no bar to a prosecution for perjury for false testimony given by him at the trial. (*Teauge* v. *Commonwealth, supra; State* v. *Carey,* 159 Ind. 504, 65 N.E. 527; *State* v. *Caywood,* 96 Iowa, 367, 65 N. W. 385; *People* v. *Albers,* 137 Mich. 678, 100 N. W. 908; *State* v. *Smith,* 119 Minn. 107, 137 N. W. 295; *State* v. *Bevill,* 79 Kan. 524, 100 Pac. 476; 21 R. C. L. 270; 30 Cyc. 1422.) This conclusion, of course, makes it possible that an innocent person who secured his acquittal by telling the truth in a prosecution against him might be later convicted of perjury if a sufficient number of his enemies were to swear that his testimony on the former trial was perjured testimony or that a corrupt or over-zealous prosecuting attorney might harass an innocent man by repeated prosecutions; but such situations are no more probable than that an innocent man might be convicted of any other crime by perjured testimony of his enemies conspiring against him or that he might be harassed by a corrupt prosecuting attorney. The possibility of such wrong is too remote to have any controlling influence on the important principle at stake.

Plaintiff in error admitted on the former trial, and admits on this trial, that he bought the Paxton automobile from Haskell and Jackson for $150 and that he sold it in

East St. Louis for $330, but he denied then, and he denies now, that he knew that the automobile was stolen and that Haskell went to East St. Louis at his request to change the numbers on the motor in order to conceal the identity of the automobile. In order to show guilty knowledge it was proper on the former trial to show that plaintiff in error had on other occasions received stolen property from the same thieves, (*People* v. *Kohn,* 290 Ill. 410,) and where former transactions are proven it is proper to prove subsequent transactions with the same parties, on the theory that it tends to establish that the continuous practice of dealing with the thieves showed that the accused knew the automobile was stolen. (*People* v. *Hobbs,* 297 Ill. 399.) From what we have said in earlier paragraphs of this opinion it follows that whatever proof was competent to prove guilty knowledge of plaintiff in error on the former trial is competent to prove guilty knowledge of plaintiff in error in this prosecution for perjury committed on the former trial by swearing falsely that he did not know that the Paxton automobile was stolen property. It ought not to be necessary to say, however, that the trial judge should guard with unusual care the admission of evidence and the conduct of the prosecution in a case of this character. It must be kept in mind that the accused is being prosecuted for perjury and that only such evidence as tends to establish the perjury should be admitted.

Complaint is made of argument of the special State's attorney wherein he said: "Automobile-stealing has been made a pastime in this county,—an outdoor sport. It is up to the juries of this county to stop automobile-stealing." This argument was highly improper, and it shows one of the dangers of a prosecution of this character unless it is guarded with unusual care. The issue in this case was not automobile-stealing but perjury, and if the jury were to be exhorted it should have been to the effect that they ought by their verdict to aid in stopping false swearing. In view

300—30

of the record, however, we hold that the remarks were not reversible error.

. ' The record shows that the witnesses Haskell and Jackson, and a third witness, Joe Lewis, who was serving a sentence in the reformatory for forgery, had all been in Mattoon on a writ of *habeas corpus ad testificandum* for the purpose of testifying in former prosecutions of plaintiff in error and had been permitted to run at large for some three weeks. The record shows that they were not only given the freedom of the city of Mattoon but were permitted to go elsewhere in Coles and Cumberland counties. While the officers who permitted this highly improper conduct were laying themselves liable to a prosecution for escape under section 90 or 91 of the Criminal Code, it does not follow that the prisoners were not competent witnesses. The jury had this information before them in their determination of the credit that ought to be given to their testimony, and the verdict of guilty shows that the jury believed their story. The jury saw and heard the witnesses and were in a much better position to weigh their testimony than we are, and we see no reason for substituting our judgment for that of the jury. The testimony of these witnesses is fully corroborated by facts and circumstances proven on the trial and by testimony of other credible witnesses.

Many other errors are assigned in the rulings of the court on the admission and exclusion of evidence and the giving and refusing of instructions, but all that are material to the issues were based on the principal contention in the case which we have disposed of in the earlier part of this opinion and it is not necessary to further discuss them here. Other objections of minor importance are urged, but they have been repeatedly held by this court to not constitute reversible error, and we make the same holding here. The evidence shows plaintiff in error to be guilty of per-

jury so clearly and conclusively that a jury acting on the evidence could not reasonably have come to any other conclusion than the one reached by this jury.'·

The judgment of the city court is affirmed.

*Judgment affirmed.*