## LIPSCOMB v. UNITED STATES.

Circuit Court of Appeals, Eighth Circuit. May 11, 1929.

No. 8060.

Frank Hickman, of Tulsa, Okl., for plaintiff in error.

John M. Goldesberry, U. S. Atty., of Tulsa, Okl. (W. B. Blair and Harry Seaton, Asst. U. S. Attys., both of Tulsa, Okl., on the brief), for the United States.

Before STONE, Circuit Judge, and FARIS and SYMES, District Judges.

STONE, Circuit Judge. This is a writ of error from a judgment of conviction for perjury.

Accused had been indicted for selling alcohol in Tulsa, Okl., on August 11, 1926. His defense was an alibi—that he was in Kansas City, Mo., upon that date. He was acquitted of that charge. Thereafter the present indictment· was presented charging perjury in his testimony at the trial of the liquor offense. The indictment sets forth the substance of certain testimony given by accused at the trial on the liquor charge, asserts the materiality thereof, and charges that such was corruptly false, "in this, to-wit; that the said defendant B. G. Lipscomb did deliver said fifteen gallons of alcohol to the said W. E. Fox on North Main Street in the City of

**34**

Tulsa, Tulsa County, Oklahoma, on or about the 11th day of August, A. D. 1926, and that the said B. G. Lipscomb was not in the City of Kansas City, Missouri, on August 11, 1926, and that the said B. G. Lipscomb did not stay at the Lafayette Hotel in Kansas City, Missouri, on the nights of the 10th and 11th days of August, 1926, and that the said B. G. Lipscomb was not in Kansas City, Missouri, on the 11th day of August, 1926;' that said statement and testimony was further false in that the said defendant B. G. Lipscomb did not leave Kansas City, Missouri, on the morning of the 12th day of August, 1926, and did not drive from the City of Kansas City, Missouri, to the City of Tulsa, Oklahoma, on the 12th day of August, 1926; that the said statement and testimony was further false in that the said B. G. Lipscomb did not mail the postcard introduced in said cause as Exhibit 2 from Kansas City, Missouri, on the 11th day of August, 1926, at 5:30 P. M."

Several errors are asserted and urged here.

■ I. The first contention is that the court erred in refusing to disqualify himself upon the affidavit filed against him by accused. Counsel for the United States seriously attacks the sufficiency of the allegations of this affidavit. It is unnecessary to determine that matter, since we are convinced that the affi-·davit was not filed in time. The right of a party to a suit to disqualify a trial judge rests purely and solely upon the statute. USCA tit. 28, § 25. The indictment was returned July 18, 1927. The arraignment was upon July 26, 1927, when a plea of not guilty was entered. September 16, 1927, proclamation was made of a special term to begin September 20, 1927, and this cause was set down for trial on September 27, 1927. The affidavit of prejudice was executed and filed on September 22, 1927. Every ground alleged therein was known to accused at the time of the indictment, as each had to do with what had taken place during the trial on the liquor charge in the preceding February. There was but one judge in the district, and he knew that judge would, normally, try the case. For about two months after arraignment accused made no move to disqualify the judge, although he had full knowledge, during all of that time, of every fact which he relied upon for disqualification. He waited until a few days before the time set for trial. The natural consequence of such action would be to secure a continuance. Such sharp practice will not avail, and has, in similar instances, been condemned by this court. Bishop v. United States, 16 F.(2d) 410; Rossi v. United States, 16 F.(2d) 712, 716.

■ II. It is contended that the court erred in overruling a motion to quash the indictment. The grounds for the motion were as follows:

"That said indictment charges the defendant with the crime of perjury alleged to have been committed on or about the 18th day of February, 1927, in an action pending in this court wherein the defendant here was defendant there, and testified to the matters and things set forth in said indictment; that said trial was upon indictment charging defendant, in the fourth count thereof, with having sold fifteen gallons of alcohol to one W. E. Fox on or about August 10th, 1926; that the present indictment charges, in part, that defendant committed perjury in testifying that he did not sell or deliver fifteen gallons of alcohol to one W. E. Fox on or about the 11th day of August, 1926, at the place of business of the said W. E. Fox on North Main Street in the City of Tulsa, Tulsa County, State of Oklahoma;

"That defendant was acquitted by the jury empaneled in said cause of said fourth count of said indictment, along with all other counts therein contained, and that this present charge of perjury is an attempt to again try the defendant for the offenses set forth in said first indictment, under the guise of perjury; and that said acquittal bars this charge.

"The defendant hereby refers to the records of this court as to said trial and acquittal.

"That said indictment contains irrelevant and redundant matters, prejudicial to the rights of the defendant, in this, that said indictment charges certain testimony of defendant to be false, and in one respect false in that the said B. G. Lipscomb did not stay at the Lafayette Hotel in Kansas City, Missouri, on the nights of the 10th and 11th days of August, 1926, and said indictment nowhere charges that defendant testified that he stayed at the Lafayette Hotel in Kansas City, Missouri, on the nights of the 10th and 11th days of August, 1926."

This contention is stated by counsel thus:

"Here the indictment charged, among other things, that the defendant had falsely sworn that he did not deliver fifteen gallons of alcohol to one W. E. Fox on or about the 11th day of August, 1926, at the place of business of the said W. E. Fox on North Main Street in the City of Tulsa, Tulsa County, State of Oklahoma. Of this charge the defendant had been duly acquitted upon trial before a jury.

"While we concede that perjury could be predicated upon other evidential matter than

the testimony denying his guilt, still we contend that the indictment was bad because it contained therein matters that could not be retried under the guise of perjury."

Counsel rely upon United States v. Butler, 38 F. 498 (D. C. Michigan) and Chitwood v. United States, 178 F. 442, this court. Those cases would seem to be met by Youngblood v. United States (C. C. A.) 266 F. 795, this court, and see Allen v. United States, 194 F. 664 (C. C. A. 4), note 39, L. R. A. (N. S.) 385; note, L. R. A. 1917B, 743.

Besides, counsel for the United States avoided the situation suggested in the motion to quash. While the indictment was broad, he confined himself to a much narrower line of evidence. At the commencement of the trial occurred the following:

"Thereupon Mr. Hickman made opening statement to the jury on behalf of the defendant.

"The Court: Now, we might shorten the record, I think from the statements made. Mr. Hickman, you agree that the evidence set out in the indictment was given by the defendant in the trial of the other case.

"Mr. Hickman: Yes, sir, except this, that we object to the introduction of any evidence in regard to that part of the testimony beginning with the word reading as follows: 'That he, the said B. G. Lipscomb, did deliver fifteen gallons of alcohol to one W. E. Fox, on or about the 11th of August, 1926, at the place of business of said. W. E. Fox on North Main Street of the City of Tulsa, Tulsa County, Oklahoma.'

"Mr. Goldesberry: We don't care to offer any evidence on the question of whether he did or did not deliver any alcohol.

"Mr. Hickman: As to the rest of the part set out in the indictment beginning with the words, 'said B. G. Lipscomb—

"Mr. Goldesberry: You agree to this: 'That he, the said B. G. Lipscomb, testified he was in Kansas City, Missouri, on the 11th day of August, 1926; that he left Tulsa, Oklahoma, for Kansas City on Monday the 9th day of August, 1926, and remained in Kansas City, Missouri, three nights, that is the nights of the 9th, 10th and 11th of August, 1926; that he further testified that he left Kansas City, Missouri, about ten o'clock on the morning of the 12th day of August, 1926, and drove back to Tulsa, Oklahoma, arriving at Tulsa, Oklahoma, about ten p. m. on the evening of the 12th day of August, 1926; and that the postcard introduced in evidence by the defendant Lipscomb in that trial, No. 1440, as defendant's Exhibit No. 2 was in the handwriting of the said B. G.

Lipscomb and that he the said B. G. Lipscomb mailed the postcard in Kansas City, Missouri, on August 11th, 1926, at 5:30 p. m.' You agree he testified to that state of facts in the other trial?

"Mr. Hickman: We will stipulate that he testified to that."

 III. It is contended that there was reversible error in admitting the testimony following:

"W. E. Fox being recalled by the Government, in chief, testified in part as follows:

"Direct Examination:

"By Mr. Goldesberry:

"Q. Mr. Fox, directing your attention to the 11th day of August, 1926, at the time you testified Mr. Lipscomb was out at your drug store, what was the nature of the business transaction you had with him there that day?

"Mr. Hickman: We object to that as incompetent, irrelevant and immaterial.

"Mr. Goldesberry: The purpose of this testimony, if your honor please, is to show the reason why—

"The Court: It may be introduced to throw whatever light it will on his presence.

"Mr. Hickman: We except.

"A. The question was what was the nature?

"Q. Yes, what was the business transaction you had with him if you had a business transaction with him what was the nature of it?

"A. Well, it was in regard to a package containing what resulted to be alcohol and caused the officers to raid the place.

"The Court: We cannot hear you.

"A. The business transaction was concerning a package of alcohol.

"Q. You say it was concerning it, what was the transaction you had with him?

"A. He wanted to sell it to me and if I didn't want to buy it he wanted to leave it there until he would come and get it some other time.

"Q. Did he leave it there? A. Yes, sir.

"Mr. Goldesberry: That is all.

"Mr. Hickman: We move that all be stricken on the ground it is incompetent, irrelevant and immaterial, and for the further reason it is an attempt to retry the facts introduced and proven upon the trial of the charge based upon the transaction concerning which the witness just testified.

"Mr. Goldesberry: That is not the purpose.

"The Court: It is admitted to throw any light on his presence on that day.

"Mr. Hickman: Exception."

The main issue of fact was as to the truth of certain statements made by Lipscomb and certain evidence introduced by him in the trial on the liquor charge, which tended to prove that he was in Kansas City, Mo., at the time it was charged he had sold the liquor in Tulsa, Okl. In the effort to prove that Lipscomb was in Tulsa at that time and, therefore, that his testimony that he was in Kansas City was false, it was competent to prove why he was in Tulsa and what he was doing there. Moreover, the indictment charged this sale as being the basis of the suit wherein the perjury was committed; therefore the jury was fully apprised thereby of the sale and evidence that it took place was not prejudicial. The evidence above set forth was of this character.

IV. The final contention is that the court erred in excluding from evidence an alleged sheet from a hotel register purporting to show the presence of Lipscomb in Kansas City on the date he was charged to have been in Tulsa. The reason for this exclusion was lack of proper identification of the register.

The sheet was marked for identification. Lipscomb testified that it was the register he had signed in Kansas City, and that his signature thereon had been placed there by him. The ease with which such evidence could be fabricated to prove the often present "alibi," as well as the ease with which it could be used to destroy innocent persons (Hartshorn v. Hartshorn, 67 Okl. 45, 168 P. 822), inclines us to hold that it is first necessary to have the register identified by one who had it in custody and knew something about the entries made thereon. After it has been so identified as the register regularly kept in the hotel at the time it purports to cover, then the signature thereon can be identified. Here no excuse is offered for failure to pursue the above orderly and safe method.

The judgment should be and is affirmed.