### KUSKULIS v. UNITED STATES.

Circuit Court of Appeals, Tenth Circuit.
December 30, 1929.

No. 126.

*Lewis, Circuit Judge, dissenting in part.*

Henry E. Lutz, of Denver, Colo. (Lewis de R. Mowry, of Denver, Colo., on the brief), for appellant.

Ralph L. Carr, U. S. Atty., of Denver, Colo.

Before LEWIS, COTTERAL, and PHILLIPS, Circuit Judges.

PHILLIPS, Circuit Judge. The defend-ant, John A. Kuskulis, was indicted, tried and convicted of the offense of perjury and has appealed.

The perjury charge was predicated upon testimony given by the defendant in his de-fense at a prior trial on the charge of sub-ornation of perjury. The indictment, in the instant case, charged that, at such prior trial, the defendant testified he was not at the county court house of Huerfano County, in the city of Walsenburg, Colorado, on June 18, 1927, when in truth and in fact he was in such court house on such date; that such testimony was false; that the defendant did not believe such testimony to be true, but believed it to be false; that such testimony was a material matter at such prior trial.

The government introduced the indict-ment in the subornation case; a transcript of the testimony of the defendant, given in the subornation trial, wherein he testified un-der oath that he was not in the court house at Walsenburg on June 18, 1927, and oral testi-mony showing that the defendant was in the court house at Walsenburg on such date.

The indictment in the subornation case alleged that the subornation took place in Walsenburg on June 18, 1927, but did not al-lege specifically that such offense was com-mitted in the court house at Walsenburg. The evidence in the instant case does not show that the testimony in the subornation case fixed the situs of the crime of subornation in the court house at Walsenburg.

Counsel for the defendant contend that, where one has been tried on a criminal charge

and acquitted, he cannot be tried for perjury alleged to have been committed while testifying in his own defense at the former trial, because the verdict in the former cause is res adjudicata of the issue presented by the perjury charge, and they cite and rely upon the case of United States v. Butler (D. C.) 38 F. 498.

It is our opinion that the broad proposition, for which counsel for the defendant contend, is unsound. See Allen v. United States (C. C. A. 4) 194 F. 664; Youngblood v. United States (C. C. A. 8) 266 F. 795, 797, 798; Chitwood v. United States (C. C. A. 8) 178 F. 442, 443, 444; People v. Albers, 137 Mich. 679, 100 N. W. 908, 909.

In the case last cited, the court said:

"It is true that the perjured testimony under consideration was material, because it strengthened respondent's claim that he was not acting corruptly. But its falsity is not, legally speaking, inconsistent with respondent's innocence of the crime of bribery. Because respondent was innocent of that crime, it does not follow that all testimony tending to prove his innocence was true, and that all testimony tending to prove his guilt was false. * * * 'The former verdict is conclusive only as to facts directly and distinctly put in issue, and the finding of which is necessary to uphold the judgment. The doctrine of estoppel (that is, the conclusiveness of a former judgment) is restricted to facts directly in issue, and does not extend to facts which rest in evidence, and are merely collateral. "A fact or matter in issue is that upon which plaintiff proceeds by his action, and which the defendant controverts in his pleadings, while collateral facts are such as are offered in evidence to establish the matters or facts in issue." ' "

Assuming, without deciding, as indeed we cannot on this record, that the testimony for the government in the subornation trial fixed the situs of the subornation in the court house at Walsenburg, the fact that the defendant was present in, or absent from the court house at Walsenburg on June 18, 1927, was not directly determinative of whether he was guilty of subornation of perjury. The fact that he was not there would have been a defense to the charge, but he could have been there and still not have been guilty of subornation of perjury. Therefore, it was a collateral fact not directly in issue in the subornation case.

However, we agree with what is said in Allen v. United States, supra, that the government should not prosecute for perjury upon the same evidence as was relied upon in the former trial. We do not understand this to be true in the instant case. Judge McChesney testified in the instant case and apparently he did not testify in the subornation case.

Counsel for the defendant further contend that the government failed to establish the materiality of the alleged false testimony. This contention is well founded. The alleged false testimony could be material only if the situs of the subornation were fixed in the court house at Walsenburg. This record does not show that it was.

Counsel for the defendant further contend that the court erred in giving the following portions of his general charge:

"The issue may be clarified perhaps if you will bear in mind that the defendant is on trial here on the sole question of whether he was in the state court room at Walsenburg on the 18th of June, 1927. * * *

"Center your whole attention on the charge in the indictment here, which is whether he was in the court room in Walsenburg on the date in question. * * *

"You must examine the testimony very carefully and weigh it, and decide the one question in the case, that is, whether the defendant was in the court room that morning or not. If he was, then it is your duty to find him guilty. If not, without hesitation find him not guilty."

These portions of the charge are clearly subject to criticism. They wholly take from the consideration of the jury the question of whether the defendant willfully and corruptly testified falsely to a material fact.

The cause is reversed and remanded with instructions to grant the defendant a new trial.

LEWIS, Circuit Judge (dissenting). I agree to the reversal but think the order should direct that defendant be discharged; and for this reason: The indictment in this case charges that upon the trial of this defendant for subornation "it became and was then and there a material question in the hearing of said criminal trial whether the said John A. Kuskulis was in the county court house of Huerfano County, in the City of Walsenburg, in the State of Colorado, on the 18th day of June, A. D. 1927," and that on said trial (for subornation) Kuskulis falsely testified that he was not at said county court house on said day. So that it appears in the charge in the present case that in the subor-

nation trial of Kuskulis there was a material issue, whether he was present at the place on the day stated. That issue was therefore finally adjudicated in said subornation trial. The parties there were the same as they are here. For all that ever can be known, the jury's estimate of the facts on that issue alone caused it to find a verdict of not guilty in the subornation trial; and now the prosecution in this perjury charge asks a relitigation and another verdict on that same issue. No one would contend that this sort of procedure would be permissible in a civil case. A material issue that has once been litigated and decided is never open for relitigation. Hottelet Co. v. Garden City Milling Co. (C. C. A.) 285 F. 693, 696, and cases there cited. The point was discussed by Judge Brown (later Mr. Justice Brown) in United States v. Butler (D. C.) 38 F. 498, wherein he said:

"It certainly strikes one as an anomaly that, after an acquittal for a criminal offense, a party may be put upon trial for perjury, in swearing that he was not guilty of that offense. * * * While I do not find the doctrine of res adjudicata discussed in criminal cases, I see no reason why the general rule regarding estoppels should not apply, especially where the quantum of proof required in the two prosecutions is the same. If this party could be convicted of perjury in swearing to a state of facts which a jury in another case against him has found to be true, it would result that every criminal case in which the defendant takes the stand and is acquitted could be practically retried upon an indictment for perjury."

It is true that authority is not in accord on the proposition, as may be seen by the citations in Allen v. United States (C. C. A.) 194 F. 664. 1 Freeman on Judgments (4th Ed.) § 256, is in part this:

"It will be seen from examining the authorities already cited that to render any judgment or other final adjudication proceeding from a court of competent jurisdiction available as a bar in a second action between the same parties or their privies, two things only are essential, viz: 1. That the issue in the second action, upon which the judgment is brought to bear, was a material issue in the first action, necessarily determined by the judgment therein; 2. That the former judgment was upon the merits."

And section 318:

"The principles applicable to judgments in criminal cases are, in general, identical, so far as the question of estoppel is involved, with the principles recognized in civil cases."

We have here, then, a charge of perjury, in that, defendant testified falsely, when he was being tried for subornation, that he was not in the county court house on a named day. That is the issue in this case. But this indictment also charges that the same question of fact, which is the issue here, was a material issue in the subornation trial.