## EHRLICH v. UNITED STATES.
### No. 10944.

Circuit Court of Appeals, Fifth Circuit.

Nov. 14, 1944.

Bart A. Riley and A. C. Dressler, both of Miami, Fla., for appellant.

Herbert S. Phillips, U. S. Atty., of Tampa, Fla., for appellee.

Before HUTCHESON, HOLMES, and WALLER, Circuit Judges.

HOLMES, Circuit Judge.

On May 4, 1943, Sam Ehrlich, upon verdict directed by the trial court, was found not guilty on each count of an information charging him with violations of regulations promulgated under the Emergency Price Control Act of 1942, 50 U.S.C.A.Appendix, § 901 et seq. The gravamen of that prosecution was that Ehrlich, who was engaged in the business of selling meats, had received from certain sales a price in excess of the maximum allowed under the regulations for the commodity sold, in that, though he had billed the sales at a legal price, he had demanded and received payment at a price that was in excess of the fixed ceiling price. In the trial of that case, Ehrlich testified that he had not received any payment for any sale in an amount greater than that shown by the sales slips evidencing each transaction.

The appeal now before this court was brought by Ehrlich from a judgment entered upon a jury verdict finding him guilty of having committed perjury in testifying as aforesaid on his previous trial. The decisive question is whether a plea of estoppel should have been sustained and the indictment dismissed.

The evidence discloses that the proof adduced by the Government to prove the perjury charges consisted entirely of evidence that Ehrlich had, contrary to his testimony in his former trial, received money from certain sales of meat in excess of that reflected by the sales slips.

While the authorities are in conflict upon some phases of the question, it appears settled that where the fact testified to and as to which the perjury is charged was the act constituting the basis of the crime charged,—and this fact was necessarily determinative of the issue,—an acquittal of the first offense bars a prosecution for perjury.[1] This rule is applicable here, and the plea of estoppel should have been sustained.

The judgment is reversed, and the cause remanded to the District Court with directions to dismiss the indictment.

---

[1] United States v. Butler, D.C., 38 F. 498; Chitwood v. United States, 8 Cir., 178 F. 442; Allen v. United States, 4 Cir., 194 F. 664, 39 L.R.A.,N.S., 385; Youngblood v. United States, 7 Cir., 266 F. 795; Kuskulis v. United States, 10 Cir., 37 F.2d 241.