122 N.J. Super. 171 (1973)
299 A.2d 744
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
JAMES F. McCUE AND JOSEPH VENTRIGLIA, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Submitted November 27, 1972.
Decided January 17, 1973.
*172 Before Judges LORA, ALLCORN and SEIDMAN.
Mr. Frank Metro, attorney for appellants (Mr. Lawrence Friedman, of counsel).
Mr. Stephen R. Champi, Prosecutor of Somerset County, attorney for respondent (Mr. Leonard N. Arnold, Assistant Prosecutor, of counsel and on the brief).
PER CURIAM.
Defendants appeal their convictions of false swearing, on jury verdicts.
The indictments arose out of testimony given by each of the defendants at a trial in the municipal court of Bernards Township on January 27, 1969. Defendant McCue had been charged with two motor vehicle offenses  careless driving and failure to obey the direction of a police officer  under N.J.S.A. 39:4-97 and 39:4-57, respectively, on October 5, 1968 at about 9:30 P.M.
At the trial in the municipal court defendant McCue testified, in substance, that at the time of the occurrence of the offenses he was physically present at the home of a friend, Kathy Loughlin, attending a party; that he arrived at the party in company with defendant Ventriglia at about 8:50 or 8:55 P.M. and remained until 9:45 or 9:50 P.M.; that while still at the party he loaned his car to Ventriglia so that the latter might "go out with his girl [Kathy Loughlin]"; that he gave Ventriglia the car keys at 9:15 or 9:20 P.M., and that Ventriglia returned at times variously estimated by McCue to be 9:35 P.M., 9:40 P.M. and 9:45 P.M. Although McCue also testified that he had told the police that he had not ben driving the car, at no time during the proceedings did he testify directly that he had not been driving the car.
Defendant Ventriglia testified at the municipal court trial to the effect that he had arrived at the party with McCue "somewhere around nine"; that he left the party with Kathy Loughlin at about 9:15 P.M. and drove to Bernardsville in *173 McCue's car, with Kathy Loughlin driving; that during their drive he observed a police officer signaling them to stop, and the girl "started to stop and then she kept going," and that thereafter they returned to the party, arriving at about 9:40 P.M. Kathy Loughlin did not testify.
At the conclusion of the trial the judge of the municipal court made the following findings and conclusions:
I think what we have here is an obvious inability on the part of the State to identify the defendant who has been charged with the offense. There is no doubt that the offense occurred, and I have no doubt that it occurred in this car. I think that the testimony is clear that Mr. McCue was not the operator of the vehicle at the time. I recognize that an officer thought that he recognized him while driving but under such circumstances, at night, at a high rate of speed, with high beams in his eyes, and I don't feel that the degree of proof necessary to overcome the presumption of innocence has been established by the State. Accordingly there will be a finding of not guilty.
A review of the evidence at the trial on the false swearing indictments plainly points to the guilt of each of the defendants. Notwithstanding, defendants contend on this appeal that since McCue was found to be not guilty on the trial of the motor vehicle charges, the State is barred from prosecuting either of them for false swearing, under the doctrine of collateral estoppel. They argue that, on the occasion of the municipal court trial, the issue was whether McCue was driving the automobile at the time and place charged; that such issue was determined in favor of McCue by the judge of the municipal court, and that inasmuch as the false swearing charges involve precisely the same issue, the municipal court determination is res judicata and forever dispositive of the issue between the State and the defendants.
This question has been considered in a number of jurisdictions. Most hold to the view that a defendant who gives false testimony at his trial on a criminal charge may be prosecuted for perjury or false swearing by reason of such testimony, despite the fact that conviction on the perjury charge "necessarily imports a contradiction of the verdict *174 of not guilty in the former trial." People v. Niles, 300 Ill. 458, 133 N.E. 252 (Sup. Ct. 1921). Much is to be said for th philosophy underlying the rule set forth in Niles:
* * * The effect of sustaining the contention of plaintiff in error would be to hold that an accused in a prosecution against him may practice a fraud upon the court and the jury and secure his acquittal by means of this fraud perpetrated by and through the medium of his false testimony, and then have the fraud sanctioned to the extent of making the judgment of acquittal conclusive evidence of his innocence in swearing that he was not guilty of the offense charged, although in truth and in fact he might have been proven guilty beyond a reasonable doubt and convicted if all the facts in the case had been truthfully put before the court and the jury. When an accused is put upon his trial and acquitted, that is an end of the matter, and so if in a prosecution against him he could by giving false testimony secure a judgment of acquittal when, if the truth had been known, there would have been a judgment of conviction, it would necessarily follow that he could commit two crimes against the state  one, the offense with which he was charged in the prosecution in which he gave false testimony, and the other, the crime of perjury  and go free of punishment for each. * * *
Justice cannot be administered through a system of courts unless there can be some assurance that the finding of the court is based upon testimony truthfully given. Any rule which tends to encourage the giving of false testimony threatens the peaceable and commendable settlement of controversies by the courts. The general proposition that one can escape punishment for perjury because he succeeded in inducing a jury to credit his false testimony is supported neither by authority nor by reason. * * * An accused's immunity from punishment for crime must not be made to depend upon the accomplishment of his acquittal in one prosecution by committing the crime for which he claims immunity. It is furthermore the policy of the law that judicial proceedings and judgments shall be fair and free from fraud, and that litigants and parties be encouraged, when sworn as witnesses, to tell the truth, and that they be punished if they do not. * * * [133 N.E. at 253-254]
See also, Annotation, "Acquittal as bar to a prosecution of accused for perjury committed at trial," 37 A.L.R. 1290 (1925); 3 Wharton's Criminal Law and Procedure, § 1328 (1957); 60 Am.Jur.2d, Perjury, § 51 (1972).
The federal courts and some few other jurisdictions, however, take the more liberal position that in those cases in which "the basic facts forming the foundation of the two *175 prosecutions are identical, an acquittal upon one charge precludes a second prosecution." Wheatley v. United States, 286 F.2d 519, 520 (10 Cir.1961). Where, however, the false testimony relates to collateral matters not necessarily determined by the verdict at the first trial and not necessarily inconsistent with the accused's innocence of the charge, the acquittal of a person charged with a criminal offense is held not to bar his subsequent indictment and prosecution for the perjury or false swearing committed by him at the first trial. United States v. Williams, 341 U.S. 58, 71 S.Ct. 595, 95 L.Ed. 747 (1951); Annotation, "Acquittal or conviction as bar to prosecution of accused for perjury committed at trial  federal cases," 95 L.Ed. 755 (1951). These same jurisdictions consistently take the position that false testimony as to alibi relates to a collateral issue not necessarily determined by or necessarily inconsistent with the not guilty verdict on the trial of the first charge. See, e.g., Lipscomb v. United States, 33 F.2d 33 (8 Cir.1929); Kuskulis v. United States, 37 F.2d 241 (10 Cir.1929); Adams v. United States, 287 F.2d 701 (5 Cir., 1961); Commonwealth v. Rose, 214 Pa. Super. 50, 251 A.2d 815 (Super. Ct. 1969).
Thus, whether the liberal or the more stringent view be followed, there is no basis for invoking the rule of collateral estoppel in the present cause.[1] At best, the false testimony of defendant McCue related to the collateral issue of alibi. It dealt with his continued presence at the party during the critical time period. Except for the question as to whether the motor vehicle violations charged were actually committed, the single question in issue before the municipal court, and the sole determination by the municipal judge, *176 centered upon whether McCue was driving the automobile when the motor vehicle violations occurred. The determination of that issue did not necessarily involve  nor did it decide  that McCue was or was not present at the party. Indeed, it is obvious from the conclusions of the judge that his finding of not guilty was predicated on the failure of the State's proofs to establish beyond a reasonable doubt that McCue was, in fact, the driver at the time the motor vehicle violations were committed. Adams v. United States, 287 F.2d 701 (5 Cir.1961); United States v. Nash, 347 F.2d 1382, 1385-1386 (4 Cir.1971). Cf. State v. Emery, 27 N.J. 348 (1958).
Cases such as State v. Cormier, 46 N.J. 494 (1966), cited by defendants, are not here applicable. They deal with the problem of successive prosecutions on multiple charges arising from a single episode  as, for example, in Cormier, a prosecution on the substantive charge of fraudulently obtaining a loan, after acquittal on the charge of conspiracy to fraudulently obtain a loan, both charges growing out of the same transaction. See United States v. Gremillion, 464 F.2d 901, 906 (5 Cir.1972), cert. den. 409 U.S. 1085, 93 S.Ct. 683, 34 L.Ed.2d 672 (1972); State v. Thomas, 61 N.J. 314, 319 (1972).
We conclude, therefore, that the prosecution of defendant McCue under the false swearing indictment is not barred by virtue of the not guilty finding by the judge of the municipal court. So far as concerns defendant Ventriglia, "We have found no support for the astonishing contention that all witnesses in a successful defense of a criminal prosecution are immunized from subsequent charges of perjury under the doctrine of collateral estoppel." Falk v. United States, 370 F.2d 472, 475 (9 Cir.1966), cert. den. sub nom. Wendell v. United States, 387 U.S. 926, 87 S.Ct. 2044, 18 L.Ed.2d 982 (1967).
Defendants make the additional contentions that the trial court committed error, (1) in admitting into evidence any portion of the transcript of the trial in the municipal *177 court, because it was based on a tape recording, "which no longer was in existence," and (2) in excising therefrom "all testimony but that of defendants." The accuracy of the transcript was fully authenticated by the testimony of the municipal judge who heard the charges, as well as by the person who transcribed the recording. Cf. R. 7:4-5. Likewise, there was no abuse of discretion or other impropriety in admitting into evidence only those portions of the transcript containing the testimony of the defendants. State v. Clawans, 38 N.J. 162, 169 (1962).
Lastly, defendants urge that the "trial court erred in not dismissing the indictment," and that the "State failed to make out a case against the defendants and the defendants should have been acquitted." We find no merit in either contention.
Accordingly, the judgments of conviction of both defendants are affirmed.
NOTES
[1] This without regard to the serious question of the applicability of the rule of collateral estoppel where, as here, the first proceeding is a prosecution for violation of the motor vehicle laws not constituting criminal offenses, State v. Shoopman, 11 N.J. 33 (1953); State v. Currie, 41 N.J. 531, 542-544 (1964).